## Case No. 14,929.

### UNITED STATES v. DAVIS.

[3 McLean, 483.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

BANKRUPTCY—DISCHARGE—GOVERNMENT CLAIM— SURETY FOR POSTMASTER—DEFAULTER —LIMITATIONS.

1. The surety of a postmaster is entitled to a discharge under the bankrupt law [of 1841 (5 Stat. 440)].

[Cited in Saunders v. Com., 10 Grat. 495, 496.]

2. In England a general statute does not embrace the king, unless specially named. And this doctrine has been adopted to a considerable extent in this country.

[Cited in Dollar Savings Bank v. U. S., 19 Wall. (86 U. S.) 239.]

3. The statute of limitations does not bind the government, unless it be specially named.

[Cited in U. S. v. The Rob Roy, Case No. 16,-179.]

[Cited in brief in Re Fox's Will, 52 N. Y. 531. Cited in Mayrhofer v. Board of Education, 89 Cal. 112, 26 Pac. 646.]

4. In the post office act, government is bound to sue a surety of a postmaster, in two years after after the defalcation, or it is barred.

5. A public defaulter is excluded from the benefit of the bankrupt law.

[Cited in U. S. v. Herron, 20 Wall. (87 U. S.) 255.]

6. This is personal, because he has been unfaithful in his public duties.

7. But a surety is not excluded from the benefit of the act. And being discharged, he may plead it in bar of a suit by the government.

[Cited in U. S. v. Throckmorton, Case No. 16,-516; U. S. v. Herron, 20 Wall. (87 U. S.) 255.]

At law.

Mr. Bates, U. S. Dist. Atty.
Mr. Emmons, for defendant.

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This action is brought against the defendant as surety on the bond of a postmaster. The defendant pleaded a discharge under the bankrupt law. To this plea the plaintiffs demurred, joinder, &c. The question for decision is, whether the defendant as a surety to the government, is discharged under the bankrupt law.

It is a general principle in England, that the king is not bound by a general statutory provision. It must be made to apply to the sovereignty specially to bind it. The same principle has been recognised, to some extent at least, in this country. On this ground it has been uniformly held, that the statute of limitations does not bar a claim of the government, unless the provision be express that it shall be a bar. In the post office act, unless suit be brought against the surety of a postmaster, within two years after the defalcation occurs, the government is barred. In many other cases, the prosecution for certain penalties incurred is limited. But under the general statute, no court has held that the government was barred.

I have always considered this rule of doubtful policy, as against sureties, as it encourages negligence in public officers, and often proves ruinous to individuals. Reposing in the vigilance of the government, a surety of a postmaster, or other public agent, is not apprised of a defalcation, until it is too late to save himself. In these cases, it is especially necessary to apprise the surety of the defalcation at the earliest practicable moment, that he may take the proper steps for his indemnity. Suits have often been commenced from ten to twenty years after the failure of the principal.

The fourth section of the bankrupt law provides, "and such discharge and certificate when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt which are proveable under this act, and shall and may be pleaded as a full and complete bar," &c.

In the first section of the act, it is declared not to extend to debts which shall have been created in consequence of a defalcation as a public officer, &c. And it is insisted that the debt now claimed did accrue by reason of the defalcation of the postmaster, and, consequently, is not within the act.

This argument is admitted as regards the postmaster, but does the act embrace his surety? The exception against a public defaulter is personal, and is intended to withhold from him a benefit given to others, because he is a defaulter. He has not discharged his duty faithfully to the public; and he is, therefore, excluded from a discharge for a debt thus incurred. But from this special provision, an inference may be drawn that, without such a provision, the law would have embraced the case of a defaulter. As regards the surety, who is under no

default, and is in no respect censurable for the responsibility incurred, we see no reason why he should not be discharged under the law, from such an indictment. He is literally within the act, and we see nothing in its policy which should exclude him from its benefits. The demurrer is overruled.