Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Proceedings in bankruptcy are deemed to be commenced from the filing of the petition in bankruptcy, either by a debtor in his own behalf or by any creditor against a debtor; and if it appear to the court that the bankrupt has in all things conformed to the requirements of the Bankrupt Act, it is made the duty of the court to grant him a certificate, under the seal of the court, that he be forever discharged from all debts and claims that by said act are provable against his estate, which existed on the day the petition for adjudication was filed, excepting such debts, if any, as' are by said act excepted from' the operation of a discharge in bankruptcy.
 
 §
 

 With the exception of the debts specified in the thirty-third section, the act provides that a discharge duly granted under the act .shall release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy.
 

 
 *254
 
 Collectors of internal revenue taxes are required by law to give bond for the faithful discharge of their duties, and the record shows that Lewis Collins, having been duly appointed to that office for the third district of Louisiana, gave the' required bond, and that the present defendant was one of his sureties. Default having been made by the principal, the United States brought an action of debt on his official bond, joining all the sureties with the principal.
 

 They alleged two breaches, as follows: (1.) That the principal did not pay over all the public moneys he received for the use and benefit of the plaintiffs. • (2.) That he did not do and perform all such acts and things as were required of him by the Treasury Department.
 

 Service was made and the defendant appeared and pleaded, .as a peremptory exception, that on the thirtieth day of May, 1868, he filed his petition in the District Court to be adjudged a bankrupt, and that the court, on the eighteenth of January following, in due course of law, granted him a discharge under the provisions of the Bankrupt-Act, in the words and figures set forth in the record, which, as he alleges, is a full and complete bar to the plaintiff’s demand. Hearing was had and the court awarded judgment for the defendant and the plaintiffs sued out a writ of error and removed the cause into this court. Since the case was entered in this court the plaintiffs assign for error that a discharge under the Bankrupt law does not bar a debt due the United States.
 

 1.
 
 Debts created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, are not discharged- by the certificate required to be given to the bankrupt by the thirty-second section of the Bankrupt Act, nor will any such certificate release, discharge, or affect auy person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise. Such debts, that is, debts created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or as a fiduciary agent, may be proved, and the dividend thereon, it is pro
 
 *255
 
 vided, shall be a payment on account of said debt, but the provision that no such certificate shall release, discharge, or affect any person liable" for the same debt, for or with the bankrupt as surety, does not apply to this case, as it is
 
 the surety
 
 here who pleads the certificate of discharge, and no.t
 
 the principal
 
 in the bond set forth in the declaration.
 
 *
 

 Instead of that, the question presented by the assignment of error in this court must depend upon other provisions of the Bankrupt Act, when properly construed, in view of the settled rule of construction that the sovereign authority of the country is not bound by the words of a statute unless named therein, if the statute tends to restrain or diminish the. powers, rights, or interests of the sovereign.
 
 †
 

 Where an act of Parliament is made for the public good, as for the advancement of religion and justice, or to prevent injury.and wrong, the king is bound by such act, though not particularly named .therein; but where a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the king, in such case the king is not bound, unless the statute is made,to extend to him by ■express. words.
 
 ‡
 

 Acts of Parliament, says Chitty,
 
 §
 
 which would divest or abridge the king of. his prerogatives, his interest, or
 
 his
 
 remedies, in the slightest degree, do not in general extend to or bind the king, unless there be express words to that effect. Therefore, says the same learned author, the statutes of limitation, bankruptcy, insolvency, set-off,
 
 kc.,
 
 are irrelevant in the ease of the king, nor does the statute of frauds relate to him, which last proposition is doubted by high authority. Exceptions exist to 'that rule undoubtedly, as where the statute is passed for the -general advancement of learning, morality, and justice, of to prevent fraud, injury, and wrong,
 
 *256
 
 or where an act of Parliament gives a new estate or right to the king, as in that e^.se it will bind him as to the manner of enjoying or using the estate or right as w,ell as the subject.
 

 Debts due to the United States, it is expressly provided, .shall be entitled to preference or priority over all other claims except the claims for fees, costs, and expenses of suits and other proceedings under the Bankrupt Act, and for the custody of the bankrupt’s property.
 

 Five classes of claims are recognized as claims entitled to priority or preference by the twenty-eighth section of the Bankrupt Act, and the provision is- that they shall “ be first paid in full in the following order:” First, fees, costs,'and expenses; second, all .debts due to the United States and Federal taxes and assessments; third, all debts due to the State in which the proceedings in bankruptcy are pending, and all State taxes and assessments; fourth, wages due to any operative, clerk, or house servant, to an amount not exceeding fifty dollars, for labor performed within the period -therein specified; fifth, all debts due to any persons -who, by the laws of the United States, are or may be entitled to a priority or preference, in like manner as if the act had not béen passed.
 

 Attempt is made in argument to show that the prererence given to debts of the United States does not, exclude such debts from the operation of the certificate of discharge, because such debts' are not named in the proviso annexed to the description of the fifth class of claims entitled to priority' and full payment in preference to general creditors, but the court is not able to concur in that proposition, as it is quite clear that the proceedings in bankruptcy woüld very much embarrass ta& collectors without some saving clause in that behalf, and to that end it was provided that “ nothing contained in this act shall interfere with the assessment and collection of taxes by the authority of the United States or any State.” Consequently taxes, whether Federal or State, may be collected in the ordinary-mode, but if not collected and the property of the bankrupt passes to and is administered by the assignee, the taxes are then entitled to the' pri
 
 *257
 
 ority and preference provided in the .sarhe section of the Bankrupt Act. Nothing, therefore, can be inferred from-, that proviso inconsistent with the proposition ,that the'sovereign authority is not bound by the provisions of the Bankrupt Act, unless therein named.
 

 ■Confessedly the United States is pot named in any of the provisions of the act providing for the discharge of the ba'nkrupt from his debts, nor in any of the required proceedings which lead to that result, unless it can be held that the sov-, ereign authority;, having debts against the bankrupt, is included in the word
 
 fx
 
 creditor or creditors,” as used many times pi the several sections of the Bankrupt Act. -Examples of the kind are numerous, of which the following are some of the most material:
 

 Persons applying for the benefit of the Bankrupt Act are required to annex, ascheduléTo the petition, verified by oath, containing a full and true statement of all their debts, and, as far as possible, to whom due, with the place of residence of each creditor, if known to'the debtor, and if -not known the fact must be so stated, and the sum due to each, and the nature of each debt or demand, whether founded on written security, obligation, contract, or otherwise, and also the true cause or consideration of such indebtedness in each case, and the place where such indebtedness accrued, and a.statement of any existing mortgage, pledge' lien,- judgment, or collateral or other security given for, the payment of 'the same.
 

 "Where the debts exceed three hundred dollars it is the duty of the judge to issue a warrant, directed to the marshal, authorizing him to publish notices in such newspapers as the warrant specifies, and to serve.written or printed notices ■on all creditors whos,e names are included, in the schedule or whose names may be given to him in addition by the debtor, and to give such personal or other notice as the directions of the warrant require. (1.) That a warrant in bankruptcy has been issued against the estate of the debtor. (2.) That the payment of any debts or the delivery of any property belonging to such debtor to him or the transfer of any property by him are forbidden by law. (3.) That a
 
 *258
 
 meeting of the creditors of the debtor will be held at a court of bankruptcy to be holden at the time designated in the warrant.
 

 Due notice to the creditors in that regard is -indispensable, as the provision is that if it be not given the meeting'shall be adjourned and.a new notice given as required. Assignees of the estate of the debtor Are tobe chosen by the'creditors at their first meeting. Creditors not only appoint the assignee or assignees but, in certain cases and under certain conditions, they may- remove any assignee, and vacancies in certain cases may be filled by the creditors, as' provided in the eighteenth section of the act. Debts due and payable from the bankrupt, at the time he-is adjudged as such, and all debts then existing, but not payable until a future day, a rebate of interest being made, when no ,interest is payable by the terms of the contract, may be proved against, the estate of the-bankrupt. Contingent debts and liabilitiessof the bankrupt may also be claimed by creditors, and such claims may be allowed, with the right to share in the dividends, if the contingency shall happeii before the order-for the final dividend. When a creditor has a mortgage, or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him front the bankrupt, he shall be admitted as a creditor only for the balance of the debt. No creditor'proving his debt shall be allowed to maintain any suit at law or in equity therefor against the bankrupt. Resident creditors are required to'make proofs before one of the registers of the court in the district where the proceedings are pending, but all such proofs, in behalf of non-resident creditors, may be made before a commissioner or before a register in the judicial district tvhere the creditor resides, and corporations may verify their claims by the oath or affirmation of their president, cashier, or treasurer.
 

 Claims against the estate of the bankrupt- are required to be signed by the claimant and to be verified by his oath, and the requirement also is that the assignee shall register, in a book to be kept by him for the purpose, the names of the
 
 *259
 
 creditors who have proved their claims, in the order in which such proof is received, stating the time of its receipt and the ajnountand nature of the debt. Claimants are forbidden to accept any preference, and the provision is that if any one does so, contrary to the prohibition of the act, he shall not prove the debt or claim, nor shall he receive any dividend until he shall first have surrendered to the assignee all property, money, benefit, or advantage received by him under such preference.
 

 Preferences are forbidden in order that' equal distribution may be effected, and the act provides that all creditors, whose debts are duly proved and allowed, s.hall be entitled to share in the bankrupt’s property and estate
 
 pro rata,
 
 without any priority or preference whatever, except that wages due from the bankrupt to any operative or clerk or hopse servant, to an amount not. exceeding fifty dollars, for labor performed within six months next preceding the adjudication of bankruptcy, shall be entitled to priority and shall be first paid in full. Annexed to that clause there is also a proviso that any debt proved by any person liable as bail, surety, guarantor, or otherwise for the bankrupt, shall not be paid to the person so proving the. same until satisfactory evidence shall be produced of the payment of such debt by such person so liable.
 

 Just and true accounts are to be kept by the assignees, and they are to make full report of the-same to the creditors at a meeting to be ,'called for the purpose, and the creditors are to determine whether any and what part of the net proceeds of the estate shall be distributed as a dividend, and if the creditors order a dividend it is made the duty of the assignee to prepare a list of the creditors entitled to the same, and to compute and set opposite to the name of each creditor the dividend to which he is entitled out of the net proceeds of the estate set apart for that purpose. Preparatory to the final .dividend the assignee shall submit his account to the court and file the same, and give notice to the creditors of such filing, and shall also give notice that he iVill apply for a final settlement of his account.
 

 
 *260
 
 Application for a discharge from his debts may be made by the bankrupt, as provided in the twenty-ninth section of the act, and the provision is that the court shall thereupon order notice to be given to the creditors, as therein specified, to appear, on a day appointed' for that purpose, ami show cause why a discharge to the applicant should not be granted.
 

 Insolvent debtors may also, in certain cases, be adjudged bankrupts on the petition of one or more of their creditors'. Matters necessary to be alleged in such a petition are specifically set forth in’ the Bankrupt Act, which provides that if the facts alleged are found to be true the court shall forthwith make the required.adjudication and issue a warrant to take possession of the estate of the debtor, which shall be directed as in the former case, and the property of the debtor shall be taken thereon and be assigned and distributed iu the same manner and with similar proceedings to those provided for taking possession, assignment, and distribution of the property of the debtor upon his own petition.
 

 Sufficient appears from this summary of the proceedings required under the Bankrupt Act to establish two propositions beyond all doubt or cavil: (1.) That the’United States are not named in any of the provisions of the act except the one which provides that all debts due to the United States and all taxes and assessments under the laws thereof sltall be entitled to priority or preference, as heretofore fully explained. (2.) That many of the provisions describing the rights, duties, and obligations of creditors are in their nature inapplicable to the United States, and that if held to include the United States, could not fail to become a constant and irremediable source of public inconvenience and.embarrassment.
 

 Viewed in' the light of these suggestions, and of the language employed in the act, the court is of the opinion that the words “ creditor or creditors,” as used iu the several provisions of the Bankrupt .Act, do not include the United 'States.
 

 Twice before, since the Federal Constitution was adopted,
 
 *261
 
 the Congress has enacted similal’ laws, and it is matter of history that the framework of those acts, as well as much of their details, was drawn from the vai’ious acts of Parliament upon the same subject, apd the,remark is equally applicable to thé principal features of the act uqder consideration, in respect to all the parts of the same, whose construction is involved in the case before the court. Such acts of Parliament have never, in terms, included debts due to the sovereign of the country; . and the decisions ,of the courts of Westminster Hall, for more than a century, have held, without an exception, that such acts or the proceedings under the same do not discharge debts due to the crown.
 
 *
 

 Text writers also, of the highest authority, have uniformly promulgated the same rule. Speaking of the order of discharge, Deacon says,
 
 †
 
 it does not release the bankrupt from a debt due to the crown, for as the crown is not bound by any statute unless specifically named, and crown debts not being mentioned among those of the creditors in general, in any part of the statute relating to the proof of debts or the, certificate of discharge, the crown of course will not be barred of the peculiar privileges it possesses for the recovery of its own debts.
 

 Not does the Bankrupt Act impair or supersede the laws .for the collection of taxes, and that rule also is founded upon .the same canon of construction, to wit, that the crown is not bound by the bankrupt láws, and, therefore, says Shelford,
 
 ‡
 
 the appointment of assignees does not relate to the act of bankruptcy
 
 as against the crown process,
 
 but the bankrupt’s personal property is bound under an extent even when tested subsequently to the appointment of the assignees. To which he adds, that the bankrupt’s certificate is no discharge as jagainst.the crown.
 
 §
 

 Such a certificate, says Robson,
 
 ||
 
 will not release the bankrupt from any debt- or liability incurred by means of any
 
 *262
 
 fraud, nor from debts due to the crown, nor from debts with which the bankrupt stands charged
 
 at the suit
 
 of the crown, or of any person for any offence against a statute relating to any breach of the public revenue, or at the suit of the sheriff or other public officer, on a bail bond entered into for the appearance of any person prosecuted for any such offence.
 

 With a single exception, not material in this case, the views of Cooke are the same as those expressed by Shelford. He says the crown is not bound by the.acts.relating to bankrupts, not being named in them; therefore an extent served upon the property of the bankrupt will bind it from'the teste of the writ and until the actual assignment of the commissioners, but the king is bound by an actual assignment, because the property is then absolutely transferred to’a third person.
 
 *
 

 Different explanations have beqn given as the reason of the rule in different adjudications, but perhaps there is none more satisfactory than the original one, that the sovereign is not bound by the act because not named as a creditor in any of its provisions. But the reason for the rule assigned in a recent decision in the Exchequer Chamber is also entitled to much consideration as supporting the original rule. Throughout the Bankrupt Acts the word creditor, says Mr. Justice Blackburn, is used in the sense of a person having a. claim which can be proved under the bankruptcy, to which he might have added, and one not required by the act to be paid in full in preference of all other creditors.
 
 †
 

 Greater, unanimity of decision in the courts .or of views among text writers can hardly'be found upon any important question than exists in respect to this question in the parent country, nor is there any diversity of sentiment in our courts, Federal or State, nor among the text writers of this country.
 

 Perhaps the earliest decision in this country was that given in the case of
 
 United States
 
 v.
 
 King,
 

 ‡
 

 which was made almost at the begirming of the present century. In that case
 
 *263
 
 the question was directly presented and was as directly adjudicated, the court holding that debts due to the United States are not within the provisions of the Bankrupt Act. Other decisions of like character are found in the State Reports.
 

 It is a maxim of the common law, said Savage, C. J., that when an act of Parliament is passed for the public good, as for.the advancement of religion and justice, or to prevent injury and wrong, the king shall be bound by such act though not named, but when a statute is general and any prerogative, right, title, or interest would be divested or taken from the king, in such a case he shall not be bound unless the statute is made by express words to extend to him, for which he cites both English and American authorities, and adds, that the people of the State being sovereign have succeeded .to the rights of the former sovereign, and that the people of the State, are not bound by the general words in the insolvent law.
 
 *
 

 Sanctioned as that "principle is by two- express decisions of this court, it would seem that further discussion of it is unnecessary, as it has never been questioned by any well-considered case, State or Federal, and is founded in the presumption that the legislature, if they intended to divest the sovereign power of any right, privilege, title, or interest, would say so in express words; and where the act contains no words to express such an intent, that it-will be presumed that the intent does not exist.
 
 †
 

 Such a conclusion, to wit, that Congress intended that the certificate of discharge' given to a bankrupt should include his liability as a surety for the faithful performance of duty by a public officer, ought not to be adopted unless such au intention is expressed in- clear and unambiguous terms, as the rule,' if established, would, in all probability, lead to
 
 *264
 
 great loss .to the public treasury aud to great public embarrassment.
 
 *
 

 Judgment-reversed, and the cause remanded with directions to
 

 Issue .a new venire.
 

 §
 

 14 Stat. at Large, 533.
 

 *
 

 14 Stat. at Large, 533; United States
 
 v.
 
 Davis, 3 McLean, 483
 

 †
 

 Anonymous, 1 Atkyns, 262; Rex
 
 v.
 
 Earl, Bunbury, 33; Rex
 
 v.
 
 Pixley, Id. 202.
 

 ‡
 

 8 Bacon’s Abridgment by Bouvier, title, “Prerogative,” E 5; United States
 
 v.
 
 Knight, 14 Peters, 315
 

 §
 

 On Prerogative, 383; 19 Viner’s Abridgment, title, “ Statute,” E. 10.
 

 *
 

 Attorney-General
 
 v.
 
 Alston, 2 Modern, 248; Anonymous, 1 Atkyns, 262.
 

 †
 

 On Bankruptcy, vol. 1 (3d edition), 784; Rex
 
 v.
 
 Pixley, Bunbury, 202.
 

 ‡
 

 On Bankruptcy, 303.-
 

 §
 

 Craufurd
 
 v.
 
 Attorney-General, 7 Price, 5.
 

 ||
 

 On Bankruptcy (2d edition), 553.
 

 *
 

 Eden on Bankruptcy, 143.
 

 †
 

 Woods
 
 v.
 
 De Mattos, 3 Hurlstone & Coltman, 995.
 

 ‡
 

 Wallace’s Circuit Court, 18.
 

 *
 

 People
 
 v.
 
 Herkimer, 4 Cowen, 348; see also Commonwealth
 
 v.
 
 Hutchinson, 10 Pennsylvania, 466, which is to the same effect; Hilliard on-Bankruptcy (2d edition), 295.
 

 †
 

 United States
 
 v.
 
 Knight, 14 Peters, 315; Dollar Savings Bank
 
 v.
 
 United States, 19 Wallace, 239; United States v. Hoar, 2 Mason, 311; Commonwealth
 
 v.
 
 Baldwin, 1 Watts, 54.
 

 *
 

 Regina
 
 v.
 
 Edwards, 9 Exchequer, 50.