## TIFFANY et al., Assignees, etc., v. MORRISON.

If a deputy collector of internal revenue, within four months next before his bankruptcy, pay over to his principal money received by him on behalf of the United States, such payment is not an unlawful preference under the Bankrupt Act. (R. S. U. S., § 5128.)

*Error to the District Court of Gilpin County.*

THE defendant Morrison was United States revenue collector for Colorado, Nathaniel Young was his deputy for the district embracing Gilpin and Clear Creek counties. On

the 17th of June, 1872, Young, who was doing business as a banker in Gilpin county, became insolvent, and among others was owing the defendant Morrison moneys received in the line of his duty as deputy collector. The plaintiffs alleged that the defendant was informed of Young's insolvency and contemplated bankruptcy; that on the 25th day of June, 1872, and at other times between that date and the 20th day of December, 1872, Young, for the purpose of giving a preference to the defendant, paid to him divers sums of money; that on the 20th of December, 1872, Young was adjudged a bankrupt; that on the 12th of February, 1873, the plaintiffs, Tiffany and Van Deren, were chosen assignees; that the choice was approved; and that on the 20th of February, 1873, the estate of Young was duly assigned to them as it stood on June 17th, 1872, except such property as was exempt by law. The plaintiffs, as such assignees, on the 23d day of April, 1874, brought an action in assumpsit in the district court of Gilpin county against Morrison, to recover the moneys alleged to have been paid him by Young after the 17th of June, 1872, and within four months of the adjudication in bankruptcy.

The declaration consisted of a special count formally setting out the foregoing facts, to which was added the common counts. The defendant pleaded the general issue, the cause was tried by the court, and the finding and judgment of the court was for the defendant, with costs. To reverse this judgment the plaintiffs sued out this writ of error.

Mr. L. C. Rockwell, and Mr. Clinton Reed, for plaintiffs in error.

Messrs. Sayre, Wright & Butler, for defendant in error.

Hallett, C. J. Collectors of revenue have authority by law to appoint deputies as they shall think proper, and to revoke such appointments. Security may be taken from

the persons so appointed to secure a faithful discharge of duty, and the collector is responsible for their conduct in office.

Within their districts such deputies have the same authority to collect taxes as the collector himself, and when the collector is unable to act, or there is a vacancy in the office, his duties may be performed by one of them. R. S. U. S., p. 606, § 3148 *et seq.*

Whether a deputy collector is regarded as an officer of the government, or as the agent of the collector merely, all must agree that money received by him in virtue of his appointment belongs to the government.

To protect himself from liability, the collector has a remedy against his subordinates, but the money collected is in fact and in law due to the government from the tax payer, and the deputy collector and his principal as well, are agents of the government to receive it. If, after receiving money on behalf of the government, a deputy collector converts it to his own use, it is plain that the government may hold him directly responsible in an action for money had and received, although it has another remedy against his principal.

The circumstance that the collector is liable for money received by his deputies cannot affect the right of the government to recover its own from one who unlawfully withholds it.

If, then, the bankrupt, as deputy to defendant, collected taxes due to the United States, and afterward converted the same money to his own use, in respect to that money he was indebted to the government.

It may be conceded that after the conversion took place the bankrupt did not occupy the position of a trustee in charge of specific property, but he was nevertheless a debtor to the government for the money which he had received as its agent. The collector was authorized to receive such money on behalf of the government, and payment to him exonerated the bankrupt.

The case presented is of payment to the government of money due from an insolvent debtor within four months before the filing of a petition in bankruptcy against the latter, the agent of the government who received the money having reasonable cause to believe that such debtor was insolvent.

Assuming that such payment was made with a view to give a preference to the government, we are now to consider whether such payment was void under the 35th section of the Bankrupt Act. Upon this point it is to be observed that the act forbids only such preferences as are given to a creditor or person having a claim against the bankrupt, and it has been recently decided by the supreme court that the government is not included in the term "creditor," as used in the act. *U. S.* v. *Herron*, 20 Wall. 251.

The question presented in that case was, whether a debt due the United States was discharged by proceedings in bankruptcy, and after reviewing the act at length, the conclusion was reached that it was not in any way applicable to the government, except the 28th section, which regulates the order of paying debts due from the estate. The word "person," which is found in the 35th section, was obviously inserted to describe those who, not being creditors of the bankrupt, had assumed some liability for him, and does not enlarge the meaning of the term "creditor."

In this view of the law it is clear that a preference given to the government by the bankrupt was not prohibited by the 35th section of the act, because it was not given to a "creditor or person having a claim against him," within the meaning of that section.

Payments to the government, although with intent to give a preference, are not forbidden by the act, and therefore they cannot be avoided by its provisions.

This reasoning is equally applicable to the 39th section which is to be read in connection with the 35th. Other considerations support the judgment given in the court below, but it is not necessary to refer to them.

The judgment is affirmed with costs.          *Affirmed.*