IN THE MATTER OF BENJAMIN BRANDRETH.

*Discharge of judgments against bankrupt — applies to those in favor of the people — Code of Civil Procedure, § 1268.*

Section 1268 of the Code of Civil Procedure authorizing the court, at any time after two years have elapsed, since a bankrupt was discharged from his debts, to direct that any judgment entered against him be discharged of record, applies to judgments entered against him in favor of the people.

APPEAL from an order directing the cancellation and discharge of a judgment against the petitioner, in pursuance of section 1268 of the Code of Civil Procedure.

The appellant, The People, recovered a judgment against the petitioner on April 29th, 1865, on a bond on which he was surety for the Bank of Sing Sing.

On June 30th, 1868, he was discharged from all his debts under the bankrupt law. The question was, whether the judgment recovered by the people was embraced within the provisions of section 1268 of the Code of Civil Procedure.

*James S. Stearns* and *John S. Smith*, for The People, appellants. The sovereign is unaffected by any acts by which its rights can be abridged in any way, unless the intention to so abridge those rights be expressed in the enactments. (*Savings Bank* v. *United States*, 19 Wallace, 239.) The principle has been applied to the statute of limitations. (*The People* v. *Supervisors of Columbia County*, 10 Wend., 363; *The People* v. *Gilbert*, 18 Johns., 227.) To a discharge under the insolvent law. (*People* v. *Rossiter*, 4 Cow., 143; *People* v. *Herkimer*, 4 Cow., 348.) A debt due to the United States is not discharged by the discharge of the debtor in bankruptcy. (*United States* v. *Herron*, 20 Wallace, 251; *United States* v. *Rob Roy*, 13th Nat. Bk. Reg., 235.`

*Philo Chase*, for the respondent, Brandreth.

GILBERT, J.:

The petitioner has been discharged by proceedings in bankruptcy from all his debts which were provable under the provisions of the Bankrupt Act. It has been held by the Supreme Court of the United States, that such a discharge is not a bar to a debt due the United States, upon the principle of the common law, that when a statute is general, and any right, title or interest would be divested or taken from the king, he shall not be bound, unless the statute is made, by express words, to extend to him (*United States* v. *Herron*, 20 Wall., 251); and the same principle was formerly applied to State statutes which took away any right or interest belonging to the people, unless the statute, in express terms, embraced them. (*People* v. *Herkimer*, 4 Cow., 348.) In the last case, the principle was applied to a discharge under the Insolvent Act.

The rule of statutory construction referred to is founded on the presumption that the Legislature, if they intended to divest the sovereign power of any right, privilege, title or interest, would say so in express words; and when the act contains no words to express such an intent, it will be presumed that the intent does not exist.

We think the Legislature of this State have manifested their intention that that rule, for the construction of statutes like the Bankrupt Act, shall be abrogated. Proceedings under the insolvent laws of the State affect the people, as well as individuals. (2 R. S., 39, § 30). They are bound by the statute of limitations (Code of Civil Procedure, § 389), and are liable for costs. The ordinary rules governing legal proceedings apply to them. (2 R. S., 552, 553, § 13.) The section of the Code of Civil Procedure (1268) under which this proceeding was taken, requires the court to make an order discharging the judgment, if it appears that the petitioner has been discharged from the payment thereof. It does appear that the petitioner has been discharged from all his debts provable under the Bankrupt Act. The debt in question was so provable. Although the statutes of this State which have been cited, do not, in terms, alter the rule of construction of statutes, to which we have referred; yet, an adherence to such rule, in the present case, would be incompatible with the spirit of the legislation, which they indicate. We shall, therefore, hold that the petitioner's discharge embraces the judgment in question.

Order affirmed, without costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed. without costs.