Nixon, D. J.
Tbe, petitioner filed a voluntary petition for adjudication of bankruptcy on tbe thirty-first of August, 1878, *69 and was duly adjudged a bankrupt. It appears, by his amended schedules, that the city of Eahway is an unsecured creditor of the bankrupt for $250, the amount of personal taxes due from the years 1870 to 1878, inclusive. The city commenced a suit for the recovery of these taxes after the petition in bankruptcy was filed, and the bankrupt applied for and obtained an order for an injunction restraining the suit pending the bankruptcy proceedings.
This is a motion to vacate the order, on the ground that the claim of the city is not a debt provable in bankruptcy, within the meaning of the act.
I think the objection is well taken, not only for the reasons-assigned on the argument by the counsel for the city, but from the proviso of the fifth clause of section 5101 of the act.
The order staying the suit was improvidently made, arising from the fact that the petition presented to the court for obtaining it did not state upon its face or reveal to the court the nature of the action. It simply alleged that the city of Eahway, having a debt provable in bankruptcy against the bankrupt, was endeavoring by legal proceedings to enforce the payment of the claim. Under the provisions of section 5106 of the bankrupt act, it was the duty of the court, upon such a representation, to require the creditor to suspend the further prosecution of the suit until the question of the debtor’s discharge should be determined.
But it appears upon this motion that the proceeding was for the collection of a tax, and it will be perceived, on an examination of the provisions of section 5106, that they do not apply to such a case. The section provides that “no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit,” etc.
But all the authorities agree that a tax is not a debt. The supreme court, in The United States v. The Railroad Co. 17 Wall. 326, defines a tax to be “a charge, a pecuniary burden, for the support of government.” Wharton’s definition is more comprehensive. He says it is “a portion of the national wealth applied to public use, granted and controlled by the representatives of the people.” The supreme court of New *70 Jersey, (City of Camden v. Allen, 2 Dutch. 398,) in holding that the payment of taxes could not be enforced by an action of debt, where the statute provided any other method of recovery, say: “A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government upon its citizens or subjects for the support of the state. It is net founded on contract or agreement. It operates in invitum.”
But, aside from this, section 5106 must be construed in connection with the provisions of section 5101. Although a tax is not a debt, it is a provable claim, for the payment of which the bankrupt estate is liable, and the object of this section is to fix the relative priority of claims and to designate the order in which they shall be satisfied in full. It provides for the payment (1) of the fees and costs of the proceedings in bankruptcy; (2) for all debts due to the United States, and all taxes and assessments under the laws thereof; (3) for all debts due to the state in which the proceedings are pending, and all taxes and assessments made under state laws; (4) for the wages due to operatives and servants within the limitations specified; and (5) for all debts due to any persons who by the laws of the United States are entitled to priority; and then, as if to guard against any misconstruction or wrongful interpretation of these provisions, and especially against the construction contended for by the counsel of the petitioner in this ease, the congress adds: “But nothing contained in this title shall interfere with the assessment and collection of taxes by the authority of the United States, or any state.”
The city of Rahway, in attempting to collect the personal taxes due from the bankrupt, is proceeding under the authority of the laws of the state óf New Jersey, and is not to be restrained from so doing by anything contained in the sections quoted and commented on above, or by any other sections of the title. U. S. v. Herron, 20 Wall. 256. The highest duty of citizenship is the prompt payment of taxes, whether national, state, county or municipal, although it would often seem that no duty is so grudgingly performed. In the contemplation *71 and judgment of the framers of the bankrupt law, no eitizen shall be presumed to sink so low or become so poor that ho should be excused from contributing his share to the support of the government, which continues to protect his person after his property is gone; and, under its provisions, no stay is authorized which hinders the use of .the orderly methods for the collection of taxes during the pendency of bankruptcy proceedings.
The order heretofore granted is vacated, with costs.