[Cited, *Simpson v. Commonwealth*, 31 Ky. L. 821, 104 S. W. 269.]

---

### COMMONWEALTH v. W. M. McMILLEN.

[Abstract Kentucky Law Reporter, Vol. 1—270.]

**Surety on Bail Bond.**

> A discharge in bankruptcy is not a defense to a suit on a bail bond, for the bankruptcy law does not apply to a debt due the state or to the federal government and congress has not the power, by tax or exemption, to burden the instruments of the state government.

APPEAL FROM LOGAN CIRCUIT COURT.

September 16, 1880.

OPINION BY JUDGE HARGIS:

The appellee, McMillen, was surety on the bail bond of Mort Herndon, executed for his appearance in the Logan Circuit Court to answer the charge of assault and battery. The penalty of the bond is $300. Herndon made default, the bond was forfeited, and McMillen summoned to answer, which he did, pleading alone his discharge in bankruptcy after the forfeiture. The appellant, commonwealth, demurred to the answer. The demurrer was overruled and the appellee discharged. Of this action of the court the appellant complains.

In the recent case of *Johnson v. Auditor,* 78 Ky. 282, decided by Justice Hines of this court, it is authoritatively settled that "the bankrupt law does not, in terms, apply to any debt due either to the state or to the federal government." The cases of *United States v. Herron,* 20 Wall. 251; *Commonwealth v. Hutchison,* 10 Pa. St. 466; *Saunders v. Commonwealth,* 10 Grat. 494, are cited in that decision, and have been again considered by this court as authority for the position taken.

The congress has neither express nor implied power, by tax or exemption, to burden the instruments of the state government, or free the citizens of the state from the operation of the constitutional means exercised by the state in the execution of its reserved powers. The powers reserved by the states are just as exclusive to them as the powers delegated to the federal government are exclusive to it. Neither government can interfere with such powers of the other; and in the instance before us, the exemption relied upon by appellee, if carried, in its application to all debts or liabilities due the state, to the extreme limits of that position, would draw off and fully destroy the powers of the state to exercise its annual laws or carry into full effect wholesome police regulations. *Ward v. Maryland,* 12 Wall. 418.

The demurrer to appellee's response should have been sustained. Wherefore the judgment is *reversed* with directions to sustain the demurrer and for other legal proceedings.

*Hardin, for appellant. C. S. Grubbs, for appellee.*