## Working Hours of State and Municipal Employes

MARGIOTTI, Attorney General, November 23, 1937.— You have asked to be advised as to the effect which the Act of July 2, 1937, P. L. 2766, will have upon the Act of June 4, 1937, P. L. 1547. You have also asked to be advised whether or not employes of the Commonwealth and its political subdivisions are governed by the provisions of Act no. 567.

Act no. 322, which became effective September 1, 1937, established a 44-hour week for women, and Act no. 567, which becomes effective December 1, 1937, provides for a 44-hour week for employes in general.

Act no. 322 amends certain sections of the Act of July 25, 1913, P. L. 1024, as amended, which regulates the employment of females in various respects. Thus, the provisions establishing a 44-hour week for women are embodied in a regulatory statute which deals with many of various

conditions surrounding the employment of females which require special legislative treatment. The Act of 1913, supra, as amended, in addition to regulating hours of employment, deals with such subjects as night work, seats, washing and dressing rooms, toilets, lunch rooms, exhaust fans, and drinking water.

The provisions of Act no. 322 differ from those of Act no. 567 chiefly in that the exemptions in Act no. 322 are more detailed and slightly wider in scope than those in Act no. 567.

Thus, Act no. 322, supra, sec. 3 (c), contains the following exemption clause:

"Nothing in this section or any other provisions of this act shall apply to the employment of females in agricultural field occupations, or in domestic service in private homes, or to the work of females employed in orphans homes and industrial schools, nor shall any provisions of this act which relates to the regulation of hours of employment apply to the work of nurses in hospitals, or to the work of females over twenty-one years of age earning at least twenty-five dollars a week in executive positions."

Act no. 322 provides in addition that:

"(d) It shall be unlawful for any female to be employed, or permitted to work, in any occupation dangerous to life or limb, or injurious to the health or morals, as such occupation shall, from time to time, be determined and declared by the Industrial Board."

It might be noted also that Act no. 322 expressly applies to the Commonwealth of Pennsylvania and its political subdivisions: Section 1. Act no. 567, sec. 2, on the other hand, has an exemption clause which reads as follows:

"(c) Nothing in this section or any other provisions of this act shall apply to employment in agricultural occupations, or in domestic service in private homes, or to the work of persons over twenty-one years of age earning at least twenty-five dollars a week in bona fide executive positions, or learned professions."

If Act no. 567, when it goes into effect on December 1, 1937, is to have any effect upon Act no. 322, it could only be because it might operate to repeal all or a portion of the former act by implication, for Act no. 567 makes no specific reference to Act no. 322.

As was said in the case of Commonwealth ex rel. v. Ruggles et al., 280 Pa. 568 (1924) :

"It has always been the rule in Pennsylvania that the repeal of statutes by implication is not favored."

This principle of statutory construction is especially applicable to laws passed at the same session of the legislature, and in 59 C. J. 928, sec. 533, the following statement appears relative to this point:

"Also, where two acts relating to the same subject matter are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, give effect to each, and thereby avoid an implied repeal, rather than to infer that one destroys the other; but, if the two are irreconcilable, the one which is the later expression of the legislative will ordinarily prevails over, and impliedly repeals, the other."

Acts nos. 322 and 567 were passed at the same session of the legislature and their provisions are by no means irreconcilable. Rather, the provisions of Act no. 322 are merely the more detailed regulations which govern a particular phase of the general subject covered in Act no. 567.

In the case of Borough of Huntingdon v. Dorris, 78 Pa. Superior Ct. 469 (1922), it is stated that:

". . . statutes enacted at the same session of the legislature should receive such construction, if possible, as will give effect to each; they are within the reason of the rule governing statutes in pari materia—each is supposed to speak the mind of the same legislature and the words used in each should be qualified and restricted, if necessary, in their construction and effect so as to give validity to every other act passed at the same session: Smith v. People, 47 N. Y. 330; White v. City of Meadville, 177 Pa. 643."

In this same case the court also states that:

". . . a subsequent statute treating a subject in general terms and not expressly contradicting the provisions of a prior special statute is not to be considered as to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all. The presumption is that the legislature having had its attention directed to a particular subject does not intend subsequently to derogate from its own act when the later legislation contains no repealing clause or reference to the former legislation and is not necessarily incompatible therewith. Unless the provisions of the acts are manifestly inconsistent or there is an express repeal, they will both stand."

See also section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, and 59 C. J. 1057, sec. 623.

In view of these established principles of statutory construction, we do not feel that there is such general repugnancy between Acts nos. 322 and 567, that they cannot stand together or that the legislature intended to repeal impliedly Act no. 322 by Act no. 567.

It is true, as indicated before, that Act no. 322 contains certain provisions which are not included in Act no. 567, but it is to be remembered that the employment of females involves certain special problems which it would be rather inconvenient to provide for in a general act such as Act no. 567 which relates to all types of employment.

At the time of the passage of Act no. 567 the legislature likely felt that, in view of the particular provisions of Act no. 322 and the Act of 1913, which it amended, it would be most expedient to adopt Act no. 567 as a general act providing a 44-hour week for all types of employment and to allow Act no. 322 to stand as an exception to that act insofar as its provisions supply those of Act no. 567.

We feel, therefore, that Act no. 322 will not, in general, be repealed by implication by Act no. 567 when it goes into effect December 1, 1937.

The second question before us for determination is whether or not Act no. 567 applies to the Commonwealth and its political subdivisions. Section 1(*b*) of this act contains the following definition:

" 'Employer' includes every person, firm, corporation, partnership, stock association, agent, manager, representative or foreman, or other person having control or custody of any employment, place of employment, or of any employee."

This act contains no express provision that it shall apply to the Commonwealth and its political subdivisions and it is sometimes held that a statute does not apply to the sovereign unless it specifically so states. This rule, however, is not one of universal application and it is subject to certain limitations.

In the case of United States v. Herron, 20 Wall. (87 U. S.) 251 (1874), the following statement appears:

"It is a maxim of the common law, said Savage, C. J., that when an act of Parliament is passed for the public good, as for the advancement of religion and justice, or to prevent injury and wrong, the king shall be bound by such act though not named, but when a statute is general and any prerogative, right, title, or interest would be divested or taken from the king, in such a case he shall not be bound unless the statute is made by express words to extend to him, for which he cites both English and American authorities."

In the case of United States v. California, 297 U. S. 175, 80 L. Ed. 567 (1936), Mr. Justice Stone made the following statement:

"Respondent invokes the canon of construction that a sovereign is presumptively not intended to be bound by its own statute unless named in it, see *Guarantee Title & Trust Co.* v. *Title Guaranty Co.*, 224 U. S. 152; *United States* v. *Herron*, 20 Wall. 251; *In re Fowble*, 213 Fed. 676. This rule has its historical basis in the English doctrine that the Crown is unaffected by acts of Parliament

not specifically directed against it. *United States* v. *Herron, supra*, 255; *Dollar Savings Bank* v. *United States*, 19 Wall. 227, 239. The presumption is an aid to consistent construction of statutes of the enacting sovereign when their purpose is in doubt, but it does not require that the aim of a statute fairly to be inferred be disregarded because not explicitly stated."

Act no. 567 is all-inclusive in its terms and its purpose and objective are entirely clear. It certainly occupies a high position among the beneficial and humanitarian statutes which have been enacted in the Commonwealth of Pennsylvania from time to time. The benefits which it is designed to confer should be conferred upon the employes of the Commonwealth and its political subdivisions as well as upon employes in general. Nor would the application of Act no. 567 to the Commonwealth and its political subdivisions result in any substantial derogation of sovereign powers.

We have not overlooked the fact that Act no. 322 expressly applies to the Commonwealth and its political subdivisions while Act no. 567 is silent on that score, and that such a change in language in statutes dealing with the same subject is sometimes presumed to indicate a change of meaning. This rule, however, is but a presumption to be used in ascertaining the intent of the legislature. With respect to a statute of the type of Act no. 567, we feel that any such presumption is overbalanced by the fact that the legislature certainly intended the Commonwealth to set an example in safeguarding the welfare of its employes.

We feel, therefore, that Act no. 567 applies to the Commonwealth and its political subdivisions. Any other result could only be attained by resort to rules of construction whose application in the circumstances would be highly artificial.

You are advised, therefore, that Act no. 322 will not, in general, be impliedly repealed by Act no. 567 when it be-

comes effective December 1, 1937. You are also advised that Act no. 567 applies to the Commonwealth and its political subdivisions.