See, also, 144 F.Supp. 442.

**HANOVER FIRE INSURANCE COM-PANY et al., Plaintiffs,**

v.

**Mariano NIEVES HIDALGO, Superintendent of Insurance, Defendant.**

**Civ. No. 9375.**

United States District Court,
D. Puerto Rico, San Juan Division.
Jan. 31, 1957.

James R. Beverley, Jose Lopez Baralt, F. Castro Amy, San Juan, P. R., for plaintiff.

Juan B. Fernández Badillo, Atty. Gen., of Puerto Rico by Edgar F. Belaval, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

The question before the Court is simply, whether the provisions of Act No. 218, of May 15, 1948, of the Legislature of Puerto Rico, entitled "An Act to Regulate Insurance Rates, Rating Organizations and Service or Advisory Organizations", L.P.R.A., Title 26, Ch. 101, §§ 1151–1163, is applicable to the writing of fire and allied lines of insurance on the properties of the Commonwealth of Puerto Rico or any instrumentality or public corporation of the Commonwealth.

By circular letter No. 9–95–54 of September 8, 1954, the defendant, under color of his office as Superintendent of Insurance of the Commonwealth of Puerto Rico, wrote a letter to all insurance companies and general agents doing business in this Commonwealth, informing them that the rates contained in the tariffs approved or accepted for filing in the Superintendent's office to govern private insurance would not govern insurance contracts purchased by or issued in the name of the Commonwealth or its agencies, instrumentalities and municipalities. Sec. 6 of Act No. 218, cited above, L.P.R.A. Title 26, § 1156. See also Sec. 281 forbids the charging, demanding or receiving of a premium which deviates from the tariff or rate filed under Sec. 5 of the Act, L.P.R.A. Title 26, § 1155.

Plaintiffs request a declaratory judgment to the effect that the provisions of the Act under consideration apply to all contracts of fire insurance and allied lines made in Puerto Rico whether on property of private persons or properties of the Commonwealth of Puerto Rico, its instrumentalities, and public corporations, and pray in addition for a mandatory injunction directing defendant to compel all insurers doing business in Puerto Rico to comply with the provisions of the said Act.

Defendant contends that laws of general application do not apply to the sovereign unless clearly stated. While this is a sound and well known canon of statutory construction, it is not applicable in the case of statutes, like the one at bar, which are intended to prevent injury or wrong. It is applicable only if the statute tends to restrain or diminish the power, rights or interests of the sovereign; and when the Act is made for the public good, the sovereign is bound by it. See United States v. Herron, 20 Wall. 251, at pages 255–256, 87 U.S. 251, at pages 255–256, 22 L.Ed. 275; United States v. California, 297 U.S. 175, 186, 56 S.Ct. 421, 80 L.Ed. 567; United States v. Hamburg-Amerikanische, etc., 2 Cir., 212 F. 40, at pages 45–49, L.R.A.1917C, 1103.

Defendant has been unable to cite a single case or authority supporting his view that, under statutes like the one involved in this action, a determination such as the one challenged here is not ultra vires, invalid and unenforceable.

There being no genuine issue as to any material fact in this case, and plaintiffs being entitled to judgment in their favor as a matter of law, their motion for summary judgment is granted; and it is hereby declared: The provisions of Act No. 218 of the Legislature of Puerto Rico, approved May 15, 1948, L.P.R.A. Title 26, Ch. 101, §§ 1151–1163, are applicable to all insurance contracts of fire and allied lines made in Puerto Rico whether on property of private persons or on properties of the Commonwealth of Puerto Rico, or any instrumentality or public corporation of the Commonwealth of Puerto Rico.

■ The Court finds it is neither proper nor necessary at this time to grant plaintiff's further prayer for a mandatory injunction directed to defendant ordering him to compel all insurers doing business in Puerto Rico to comply with the provisions of the aforesaid Act as construed herein. It is believed that defendant, who is an officer of the government of the Commonwealth of Puerto Rico, will abide by the terms of this judgment without the requirement of coercive measures.

However, if it be shown hereafter, by appropriate motion, that defendant has failed, within a reasonable time, to abide by the terms of this judgment, the Court shall then grant such further relief as may be lawfully proper and necessary for compelling his obedience thereto.