## In re ANDERSON.

### Petition of UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 18, 1922.)

No. 95.

**1. Courts ⊙⟿405(5)—Jurisdictional question held reviewable by Circuit Court of Appeals.**

An objection by the United States on the ground of its sovereignty to the jurisdiction of a court of bankruptcy *held* to raise a question reviewable by the Circuit Court of Appeals.

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⬯⇒346—United States may be required to file claim for taxes.**

> Bankruptcy Act, § 64a (Comp. St. § 9648a), provides that "the court shall order the trustee to pay all taxes legally due or owing by the bankrupt to the United States, state, county, district, or municipality in advance of payment of dividends * * * and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." *Held* that, under such provision, the court has jurisdiction to determine the amount and validity of a tax claimed by the United States, and that, inasmuch as a trustee can pay the tax only on an order of the court, he may properly, by notice served on the collector for the district, require the United States to file its claim within a time fixed or otherwise be barred, to the end that settlement of the estate may not be unreasonably delayed.

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Alma Newton Anderson, bankrupt. On petition to revise and appeal by the United States to review order of the District Court. Affirmed.

For opinion below, see 275 Fed. 397.

Alma Newton Anderson was duly adjudicated a bankrupt. On June 23, 1921, an order was entered affirming an order of the referee in bankruptcy barring the United States from participating in the bankrupt's estate for taxes assessed against the bankrupt upon income received by her during the year 1917. The United States of America petitions to revise this order.

William Hayward, U. S. Atty., appearing specially (Edward F. Unger, Asst. U. S. Atty., of New York City, Russell N. Shaw, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for petitioner and appellant.

M. S. & I. S. Isaacs, of New York City (Eugene M. Gregory, of New York City, of counsel), for trustee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. On October 17, 1918, Alma Newton Anderson filed a voluntary petition and was duly adjudicated a bankrupt. On April 1, 1918, she filed an income tax return for the year 1917, on which there became payable to the Commissioner of Internal Revenue a tax of $650. This remained unpaid at the time of her bankruptcy. No proof of claim was filed by the United States for this tax in these proceedings. On or about December 30, 1920, the trustee in bankruptcy served a notice of motion and petition on the collector of internal revenue for the Second district of New York, returnable before the referee in bankruptcy on January 7, 1921, wherein he prayed for "an order barring and foreclosing the United States from participating in the estate herein, or in the alternative that the United States be directed to file its claim or claims with the referee herein on or before a day certain, in order that the trustee may object thereto and hearings had on said claim in accordance with law." The United States appeared specially in the bankruptcy proceedings and moved to dismiss the trustee's petition, on the ground that the court was with-

out jurisdiction, and, further, that the service upon the collector of internal revenue was not service upon the United States. These objections were overruled by the referee. Testimony was taken on behalf of the trustee, and an order entered barring the United States from participating in the estate for any income tax for the year 1917. Upon review by the District Court, the referee's order was affirmed.

[1] This petition to revise presents, first, a question of the jurisdiction of this court. The District Court has sustained its jurisdiction. Has the Circuit Court of Appeals jurisdiction, or should the appeal here be direct to the Supreme Court? We think this court has jurisdiction to review the question of jurisdiction here presented. The question involved in the present appeal arises in the bankruptcy proceedings. Sections 24 and 25 of the Bankruptcy Act (Comp. St. §§ 9608, 9609) set forth the supervisory jurisdiction of the Supreme Court and the Circuit Court of Appeals in bankruptcy proceedings, and this was reaffirmed by section 130 of the Judicial Code (Comp. St. § 1122). By these provisions, judgments and decrees of the Circuit Court of Appeals in all proceedings and causes arising under the Bankruptcy Act have now been made final, save only where that application for certiorari may be made to the Supreme Court. The objection to the jurisdiction raised here is one common to all judicial tribunals, namely, that no court has jurisdiction of a sovereign, in the absence of unequivocal legislation conferring the same. Therefore this court may properly pass on the questions involved. Davis v. Anderson, etc., Co., 252 Fed. 681, 164 C. C. A. 521.

[2] The petitioner contends that the United States is not bound by the terms of the Bankruptcy Act, that the bankruptcy court has no jurisdiction over the United States, and that the Bankruptcy Act provides no means for requiring the government to appear and take a position with reference to its claim; also that the court cannot in effect enact a statute of limitations against the United States. Section 64a of the Bankruptcy Act (Comp. St. § 9648a) provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

Debts due to the United States are entitled to priority of payment. U. S. Revised Statutes, § 3466 (Comp. St. § 6372); Lewis v. United States, 92 U. S. 618, 23 L. Ed. 513. And section 3467 of the Revised Statutes (Comp. St. § 6373) makes the trustee personally liable if, with notice, he fails to pay a debt due to the United States. U. S. v. Barnes (C. C.) 31 Fed. 705. The order of payment to the United States is next after the wages due workmen, clerks, or servants which have been earned within three months before the date of the commencement of the proceedings. Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706. Section 64a of the Bankruptcy Act was a departure from the principles of public policy theretofore prevailing as to the rights of the

sovereign which were recognized in the previous acts of 1800, 1841, and 1867 (2 Stat. 19; 5 Stat. 440; 14 Stat. 517). Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., supra; Matter of General Film Corp. (C. C. A., Second Circuit, decided June 8, 1921) 274 Fed. 903. In that latter case this court said:

"We regard this section [64a] as binding on the government because it is named therein and, while conferring priority, as giving the bankruptcy court the power to hear and determine any question that arises as to the amount or legality of a tax assessed by it. The provision applies to taxes of all the persons mentioned, and we could not differentiate the government from the other persons in the absence of language justifying it."

By this amendment to the previous Bankruptcy Act it commands the trustee to pay all taxes legally due and owing to the United States. To carry out this command, Congress must have intended that the bankruptcy court had jurisdiction to determine the legality and amount of the taxes. Section 28, subd. 5, of the previous act (14 Stat. 531) provided:

"That nothing contained in this act shall interfere with the assessment and collection of taxes by the authority of the United States or any state."

The 1898 act may interfere with the collection of taxes to the extent of commanding the court to order taxes, legally due and owing, paid, and giving it the authority to determine any question arising thereon. In Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., supra, it was contended that, being an assignee subrogated to the rights of the United States (the appellee's claim), any debt should have priority over the labor claim to be paid by the bankrupt estate, since the Bankruptcy Act of 1898 giving priority to labor claims did not specifically mention the United States and therefore sections 3466–3468 of the Revised Statutes (Comp. St. §§ 6372–6374), giving priority to the United States, controlled. The court admitted the general rule announced in Lewis v. United States, 92 U. S. 618, 23 L. Ed. 513, and held that it did not give the priority claim, but was simply a reaffirmation of the priority given under the sections of the Revised Statutes, and that both acts were pari materia. The court held that, reading the section as a whole, it was manifest that the purpose of the act was to give priority to labor claims, even as against the sovereign, and that to give such claims priority could in no wise seriously affect the sovereign. In effect the holding is that, if the sovereign government of the United States is bound by the implications in the present Bankruptcy Act as to priorities, it cannot escape the binding effect of the expressed provisions of section 64a.

In New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, the Supreme Court stated that the requirement of the present law (1898) is a wide departure from the act of 1867, and specifically obligated the trustee to pay all taxes, even a state tax, legally due and owing, without distinction between the United States and state, county, and district or municipality, and further:

"The section (64a) itself declares that, in case of disputes as to the amount or legality of any such tax, they shall be heard and determined by the court. The state court may construe a statute and define its meaning, but whether

its construction creates a tax within the meaning of a federal statute, giving a preference to taxes, is a federal question, of ultimate decision in this court."

The United States must file its claim for taxes as any other creditor, if it desires to share in the estate, and the court must determine any question arising as to the amount or legality of such tax. It cannot stand by, as it did here, after permission having been granted to file its claim, and expect to subsequently collect the tax from the bankrupt or his trustee. To permit such a procedure would make it impossible to say when there could be a winding up of the bankruptcy proceedings and a distribution of the assets. The trustee may only pay out the assets under an order of the referee or the court, and without such order he could not pay the income tax owing to the government. If the government had a priority, it could be easily determined in this proceeding, and it clearly was the intention of Congress that it should be determined under the command of section 64a, where the United States is specifically mentioned. We think it was the intention to have settled promptly in the bankruptcy proceedings all matters of taxes due the United States. The Bankruptcy Act evidently does not contemplate that taxes should be proved, like an ordinary debt, providing, as it does, that they shall be paid by the trustee on order of the court, and that he shall have credit in his accounts upon filing receipts from the proper officials therefor. In re Prince & Walter (D. C.) 131 Fed. 546.

We think the trustee properly initiated these proceedings by making the collector of internal revenue a party. The notice of lien against all the property and rights of property belonging to the bankrupt was filed in the office of the clerk on July 6, 1920, and was recorded. The claim of the United States thus became a public record of which the trustee had to take notice. Notice of hearing on the petition was given to the collector, so that the United States might have opportunity to establish its claim. The official charged with the duty of collecting taxes is the collector of internal revenue, and it was he who filed a claim. It is he who serves notices upon delinquents and receives all payments under Revised Statutes, §§ 3183, 3184 (Comp. St. §§ 5905, 5906), and it is he who distrains and sells upon the distress. Section 3187 (Comp. St. § 5909). All the duties devolving in such proceeding are those of the collector of internal revenue. He is the proper person to be notified to be brought into court on a proceeding such as the one instituted below. The court granted 10 days after the service of a copy of the order within which to move to dispute the merits of the finding of the referee below. This was not taken advantage of and the time has expired. We think the government cannot complain as to this exercise of discretion.

The order below, barring the United States from participating in the estate, must be affirmed.