## In re J. MENIST CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

No. 101.

Bankruptcy ⊚⟶328—United States may prove claims against estate one year after adjudication.

The United States, with respect to claims for taxes and in the absence of notice to it, is not bound by Bankruptcy Act, § 57n (Comp. St. § 9641), providing that claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the estate of J. Menist Co., Inc., bankrupt. Claim of the United States for additional income tax for the year 1917, in the sum of $4,526.84, and for unpaid income taxes for the year 1918, for the sum of $9,955, plus interest. From an order of the referee, denying the motion of the trustee in bankruptcy, Edward H. Childs, to expunge the claims, said trustee appeals. Affirmed.

See, also, 290 Fed. 947.

Appeal from an order of the District Court, sustaining an order of the referee in bankruptcy denying the motion of the trustee in bankruptcy to expunge two claims of the United States. On March 25, 1920, an involuntary petition in bankruptcy was filed against J. Menist Company, Inc., and adjudication followed on April 5, 1920. The time for filing of proofs of claims by creditors expired on April 5, 1921. The United States filed two claims for taxes, one on December 27, 1922, and one on January 29, 1923. Both claims were thus filed more than one year after adjudication.

Zalkin & Cohen, of New York City (Moses Cohen and E. Fichlander, both of New York City, of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (Victor House, Asst. U. S. Atty., of New York City, Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., and John H. Layne, of Chicago, Ill., Attorney for Bureau of Internal Revenue, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. This appeal presents the question whether the United States of America is bound by the provision of section 57n of the Bankruptcy Act (Comp. St. § 9641):

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication. * * *"

Various cases have pointed out, for reasons therein stated, that certain provisions of the Bankruptcy Act are applicable, inter alios, to the United States of America. Guarantee Co. v. Title Guaranty Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L. Ed. 706; U. S. Fidelity Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055; In re Anderson (C. C. A.) 279 Fed. 525; In re Tidewater Coal Exchange (C. C. A.) 280 Fed. 648; United States v. Wood (C. C. A.) 290 Fed. 109.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

No case has held that the sovereign can be bound by a statute of limitations, unless that concession is clearly made by specifically naming the sovereign in the statute. The cases are to the contrary, and the reason for the rule or principle was thus stated by Mr. Justice Field in Gibson v. Chouteau, 13 Wall. 99, 20 L. Ed. 534:

"It is matter of common knowledge that statutes of limitations do not run against the state. That no laches can be imputed to the king, and that no time can bar his rights, was the maxim of common law, and was founded on the principle of public policy, that as he was occupied with the cars of government he ought not to suffer from the negligence of his officers and servants. The principle is applicable to all governments, which must necessarily act through numerous agents, and is essential to a preservation of the interests and property of the public. It is upon this principle that in this country the statutes of a state prescribing periods within which rights must be prosecuted are not held to embrace the state itself, unless it is expressly designated or the mischiefs to be remedied are of such a nature that it must necessarily be included."

See, also, United States v. Herron, 20 Wall. 251, 22 L. Ed. 275; Lindsey v. Miller, 6 Pet. 666, 673, 8 L. Ed. 538; Redfield v. Parks, 132 U. S. 239, 247, 10 Sup. Ct. 83, 33 L. Ed. 327; United States v. Birmingham Trust & Savings Co., 258 Fed. 562, 169 C. C. A. 502, certiorari denied 251 U. S. 550, 40 Sup. Ct. 56, 64 L. Ed. 410.

We appreciate that section 57n is one of the provisions of the Bankruptcy Act which has for its purpose an expeditious winding up of a bankruptcy estate; but, under our decision in Re Anderson, 279 Fed. 525, the trustee may avail of a simple and practicable method whereby the United States receives notice and thus is required promptly to prove its claim for taxes. The practical difficulties which would attend the requirement that the government should be held to the statutory limitation of section 57n are so great that we see no warrant for assuming that Congress intended, in that regard, any departure from the rule that the United States of America must be named before it can be bound by a statute of limitations.

Order affirmed, without costs.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes