## In re STAVIN.

(District Court, S. D. New York. December 3, 1925.)

No. 38641.

1. **Bankruptcy ⟝328—Provision allowing one year for filing claims has no relation to taxes due from estate (Bankruptcy Act, §§ 57n, 64a [Comp. St. §§ 9641, 9648]).**

Bankruptcy Act, § 57n (Comp. St. § 9641), allowing one year for filing claims has no relation to taxes due the United States or the state, which by the mandatory provision of section 64a (Comp. St. § 9648) are required to be promptly determined, in order that they may be paid before payment of dividends to creditors.

2. **Bankruptcy ⟝328—Government and state may be required to present claims for taxes before expiration of year (Bankruptcy Act, § 57n [Comp. St. § 9641]).**

A referee may, by order duly served, require the presentation of claims for taxes due from the estate to the United States and the state before the expiration of the year allowed by Bankruptcy Act, § 57n (Comp. St. § 9641), for filing claims of general creditors.

In Bankruptcy. In the matter of David Stavin, doing business as the Banner Hat Company, bankrupt. Petition to review order of referee barring claims of the United States and the state of New York for taxes. Petition dismissed.

The referee's certificate was as follows:

To the Honorable Judges of the District Court of the United States for the Southern District of New York:

I, John L. Lyttle, referee in bankruptcy in charge of this case, do hereby certify that in the course of the proceedings herein the following question arose pertinent to the proceeding:

Certain priority or wage creditors, represented by Meyer London, attorney, filed proofs of claim in my office, and are now seeking to obtain payment of their claims as such; it being asserted that there is sufficient money to pay their claims in full. Any tax claims of the United States and the state of New York have not been barred, and it is not possible to state at this time what, if any, claims may be filed against this estate by such taxing authorities.

Under date of October 5, 1925, on motion of Meyer London, attorney for the priority creditors, I filed an order directing the United States of America to file within 60 days after service any and all claims which it may assert against this estate. A copy of this order appears to have been served on Frank K. Bowers, collector of internal revenue, Second district, on October 6, 1925, and on Samuel Sturtz, attorney for the trustee, on the same day.

Under date of October 5, 1925, on motion of Meyer London, attorney for the priority creditors, I filed an order directing the state tax department to file within 60 days after service any and all claims which it may assert against this estate. A copy of this order appears to have been served on Charles A. Curtin, attorney for the state tax department, on October 6, 1925, and on Samuel Sturtz, attorney for the trustee, on the same day.

The law is well settled that claims for taxes are entitled to priority of payment over claims for wages. See In re Oliver v. United States, 268 U. S. 1, 45 S. Ct. 386, 69 L. Ed. 817, 5 Am. Bankr. Rep. (N. S.) 830, recently decided by the United States Supreme Court, affirming United States v. Oliver (C. C. A.) 290 F. 160; Matter of Peters (D. C. W. D. Pa., Sept., 1925; No. 10681) 7 F.(2d) 512, 6 Am. Bankr. Rep. (N. S.) 365. The adjudication in this case took place April 29, 1925. The time for filing proofs of claim will not expire until April 28, 1926. See Bankruptcy Act, § 57n. Notwithstanding that fact, I made the orders aforesaid, directing the United States and the state of New York to file their claims within 60 days after service of the order upon them, or be forever barred from asserting any claim against this estate, or against the trustee herein, or against the funds in the hands of the trustee.

The trustee in bankruptcy, feeling aggrieved at my orders made against the United States and the state of New York, filed with me a petition for review, which was granted. The question presented is one which requires an authoritative ruling from this court, as the practice of the refereees in this district, in so far as I am aware, is not uniform. I now state my own opinion in respect to the question presented:

It is conceded that the bar orders were made before the expiration of the one-year limitation. Section 57n. In this case, the year will expire April 28, 1926. The trustee contends that the United States and state have one year from the date of adjudication in which to file their claim, viz. to April 28, 1926. I rule that the prompt administration of this estate requires that claims for taxes be determined now, and without waiting for the expiration of the one-year limitation. Sections 57n and 64a.

In my opinion, this court has the right, in the exercise of its equity jurisdiction, to limit the time for the presentation of such claims. See In re Anderson (C. C. A.) 279 F. 525, 48 Am. Bankr. Rep. 350; Lathrop-Haskins & Co., 223 F. 912, 139 C. C. A. 392, 34 Am. Bankr. Rep. 739. If the trustee's contention be correct, no dividends could, in any case, be declared or paid to general creditors until the expiration of one year from adjudication.

The Bankruptcy Law, in my opinion, did not contemplate any such result. Section 64a and section 57n must be read in connection with section 65b. As to the interpretation of section 65b of the Bankruptcy Act, see Judge Hough's opinion in the Matter of Bell Piano Co. (D. C.) 155 F. 272, 18 Am. Bankr. Rep. 185.

Section 65b, among other things, provides that the first dividend shall be declared within 30 days after the adjudication, and the final dividend 3 months after the first dividend. The bar orders in this case were made October 5, 1925, and this court had jurisdiction to make those orders. See In re Anderson, supra.

The question certified for the opinion of this court is whether the referee in bankruptcy can limit the time of the United States and the state of New York to file any claims they may have, notwithstanding that the one-year limitation for filing claims for creditors (section 57n) has not expired.

I hand up herewith, for the information of the judges, the following papers: (1) Bar order against United States of America, dated October 5, 1925; copies annexed, showing service upon collector of internal revenue, Second district, and attorney for trustee, October 6, 1925. (2) Bar order against state tax department, dated October 5, 1925; copies annexed, showing service upon state tax department and attorney for trustee, October 6, 1925. (3) Petition for review by Susan Brandeis, trustee, filed October 10, 1925.

Notice of application on this certificate should be given to the following parties: Collector of internal revenue, Second district, Custom House, New York City; state tax department, 220 West Fortieth street, N. Y.; Samuel Sturtz, attorney for trustee, 220 Broadway, N. Y.

Samuel Sturtz, of New York City, for trustee, in support of petition for review.

Meyer London, of New York City, for priority creditors opposed.

THACHER, District Judge. The question certified by the referee is whether the referee in bankruptcy can limit the time of the United States and the state of New York within which to file any claims they may have, notwithstanding that the one-year limitation for filing claims by creditors (section 57n of the Bankruptcy Act [Comp. St. § 9641] has not expired.

Under date of October 5, 1925, on motion of certain priority creditors, the referee filed an order directing the United States of America to file within 60 days after service any and all claims which it may assert against the bankrupt estate. The order provides that, upon failure of the United States to file such claim within the time specified, it shall be barred from asserting any claim against the estate or against the trustee. This order was served on Frank K. Bowers, collector of internal revenue, Second district, on October 6, 1925, and on the attorney for the trustee. A similar order, under date of October 5, 1925, directing the state tax department to file claims within 60 days, was filed by the referee, and a copy served upon the attorney for the state tax department on October 6, 1925, and on the attorney for the trustee.

Adjudication in this proceeding took place April 29, 1925, and the time for filing proofs of claim, as provided in section 57n of the Bankruptcy Act, will not expire until April 28, 1926. The petition to review these orders was filed by the trustee. Notice of the hearing upon the petition to review was served upon Frank K. Bowers, collector of internal revenue in the Second district, and upon a deputy commissioner and appraiser of the New York state tax department. There has been no appearance in behalf of the state or of the United States.

Under section 64a of the Bankruptcy Act (Comp. St. § 9648), the bankruptcy court is required to pass upon and determine the amount and the validity of taxes claimed to be owing by the bankrupt to the state and to the United States. In re General Film Corporation (C. C. A.) 274 F. 903; In re Anderson (C. C. A.) 279 F. 525; In re Brezin (D. C.) 297 F. 300; In re Wyley Co. (D. C.) 292 F. 900. Inasmuch as this section expressly provides that the court shall order the trustee to pay such taxes "in advance of the payment of dividends to creditors," the intention is clear that all sums due for taxes should be promptly ascertained and determined before the first dividend is declared.

Section 65b (Comp. St. § 9649) contemplates payment of a first dividend within 30 days after the adjudication, provided the estate is in funds sufficient to pay priority debts and a dividend of 5 per cent. But under section 64a taxes legally due and owing by the bankrupt must first be determined and ordered paid. For this purpose the bankruptcy court may by proper notice bring the state and the United States before it, to the end that claims for all taxes legally due and owing may be ascertained and their validity determined. In the Anderson Case, supra, this was done by an order similar to the orders here in question. Such orders are proper, and clearly within the jurisdiction of the court in the exercise of its power under section 64a.

[1] But it is insisted that there is no power to enter such an order, if it requires the presentation of tax claims before the expiration of one year, within which claims generally are required by section 57n to be proved. Section 57n has no relation to the procedure required under section 64a. On the contrary, the latter section is mandatory in its requirement that taxes shall be paid before dividends are declared, and when read in connection with section 65b, providing for a first dividend within 30 days, it is quite obvious that claims for taxes should be promptly determined without waiting for the expiration of the year allowed for the filing of ordinary claims.

[2] The Circuit Court of Appeals in this circuit has said: "Under section 64a of the Bankruptcy Act of 1898 (Comp. Stat. § 9648) it is the duty of the court to order the trustee to pay all taxes legally due and owing by the bankrupt to the United States in advance of the payment of dividends to creditors." In re Finkelstein, 298 F. 11. The practice pursued in the Anderson Case, supra, was approved in the case of In re J. Menist Co., Inc. (C. C. A.) 294 F. 532, where the court said: "We appreciate that section 57n is one of the provisions of the Bankruptcy Act which has for its purpose an expeditious winding up of a bankruptcy estate; but, under our decision in Re Anderson, 279 F. 525, the trustee may avail of a simple and practical method, whereby the United States receives notice and thus is required promptly to prove its claim for

taxes." To postpone the determination of tax claims for a year following adjudication is neither simple nor practical, nor is it in accordance with the plain provisions of section 64a, and there is nothing in the opinion in the Anderson Case to suggest that the orders there approved might not with equal propriety have been entered immediately after adjudication.

The form of the orders here under review is perhaps open to criticism, in that they relate to all claims which the state or the United States may have, and not merely to claims for taxes. It may well be doubted if such orders can effectively bar claims other than tax claims determinable under section 64a. Tax claims, which are to be ascertained and determined under that section, are on quite a different footing from other debts, even of the United States, which are required to be proved and are dischargeable. U. S. v. Wood (C. C. A.) 290 F. 109, affirmed, 44 S. Ct. 134, 263 U. S. 680, 68 L. Ed. 503. But the question of form does not seem to me to be fatal upon this appeal. The orders are sufficient for the purpose for which they were intended, namely, the determination of tax claims under section 64a, and it will be time enough to consider objections as to form when the United States or the state has appeared and made objection on that score. The trustee's only concern is that the orders, if invalid, may not protect him in the payment of dividends, if as a matter of fact taxes are legally due and owing from the bankrupt estate, although such claims are unknown to him.

Whatever justification there may be for such concern (see U. S. v. Eyges [D. C.] 286 F. 683), the procedure here under review is certainly adequate for the trustee's protection in this regard, and his petition to review will accordingly be dismissed.