## UNITED STATES v. HAWKINS et al.
### (five cases.)

District Court, S. D. California, S. D. March 10, 1927.

### Nos. 1439, 1487, 1494, 1508, 1560.

Bankruptcy ⬤➔421(4)—Judgment against surety on bail bond is a "debt" discharged by bankruptcy (Bankruptcy Act, § 17 [Comp. St. § 9601]).

Judgment against the surety on a bail bond, not being within exceptions enumerated by Bankruptcy Act, § 17 (Comp. St. § 9601), is a "debt," from which he is released by discharge in bankruptcy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

At Law. Actions by the United States against R. E. Hawkins and others. On motion by defendant Hawkins to stay further proceedings. Granted.

Eldon McFarland, Asst. U. S. Atty., of La Jolla, Cal.

Minor Blythe, of Los Angeles, Cal., for defendant Hawkins.

JAMES, District Judge. The United States obtained judgment against the defendant above named in the several suits bearing the numbers indicated. The judgment was based upon the liability of the said defendant as surety on bail bonds executed in favor of the government, and as to which bonds forfeiture had been entered because of the default of the defendant criminally charged. Thereafter on September 8, 1926, defendant herein was adjudicated a bankrupt. He scheduled among his debts his liability on the several bail bonds referred to, and his discharge has recently been granted. He has now moved for an order to stay further proceedings in each of these cases.

There seems to be no doubt but that he is entitled to such an order. The debts represented by the judgments in favor of the United States are all of a class as to which a discharge in bankruptcy is a release. Section 17 of the federal Bankruptcy Act (Comp. St. § 9601) enumerates the exceptions, and the debt of a surety on a bail bond is not brought within any of them.

The motion to stay proceedings is therefore granted in each case.