### In re MORGENSTERN & CO.

### CARTER v. UNITED STATES.

### No. 323.

Circuit Court of Appeals, Second Circuit.
April 4, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, M. C. Hawks, and C. E. Dawson, Bureau of Internal Revenue, all of Washington, D. C., of counsel), for appellant.

Bergen & Prendergast, of New York City (James W. Prendergast, and Roger Nutt, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Morgenstern & Co. was adjudicated a bankrupt by the United States District Court for the Eastern District of New York, on April 11, 1930, and Walter F. Carter was appointed trustee on May 6th of the same year. Upon the trustee's petition, Referee O'Connor made an order that the United States file all claims it might have against the bankrupt on or before October 11, 1930, and that it should be barred from participating in the assets of the estate except as to claims filed before that date and subsequently allowed by the referee. No claims were filed during the period set by the order, but, on April 2, 1931, the collector of internal revenue filed with the referee a proof of claim for $3,878.-31, representing income taxes for the year 1928, alleged to be due the United States from the bankrupt, and to be entitled to a preference. The United States at no time applied for the removal of the bar order or sought to open its default in failing to file the claim for income taxes on or before October 11, 1930, as provided in the order. It did allege that the order had no effect on the claim for income taxes "the origin and assessment of said liability having arisen subsequent to said bar order." In such a state of the record the trustee moved for an order expunging the claim on the ground that it had not been filed within the time provided by the order of June 16, 1930. This motion was granted by the referee, and his order was affirmed by the District Court upon a petition to review. From the order of affirmance, this appeal is taken.

We held in Re Anderson, 279 F. 525, that, because of the provisions of section 64a of the Bankruptcy Act, 11 USCA § 104 (a), directing the court to order trustees in bankruptcy to pay all taxes in advance of dividends to creditors, the government may be required to file its claims for taxes within a time fixed or otherwise to be barred from sharing in distribution of the assets in the hands of a trustee in bankruptcy. By In re J. Menist Co., Inc., 294 F. 532, we again approved of this practice for expediting administration. Judge Thacher in Re Stavin (D. C.) 12 F.(2d) 471, 473, adverted to the rule that the liquidation of tax claims is governed by section 64a, and stated that in aid of such liquidation presentation of these claims may be required within a period even less than that allowed for ordinary claims under section 57n (30 Stat. 561), which he said has "no relation to the procedure required under section 64a." In view of In re Anderson, su-

pra., the order of the referee in the present estate barring the United States from participating in the assets except as to claims for taxes filed before October 11, 1930, was entirely valid and the motion to expunge the claim for income taxes which had not been filed within the time limited was properly granted.

■ It is true that under sections 274 and 275 of the Revenue Act of 1928 (26 USCA §§ 2274, 2275) the Commissioner of Internal Revenue had until May 15, 1931, to make the assessment for income taxes for the year 1928. Because of this the government says that the order requiring it to present its claim for taxes on or before October 11, 1931, could not affect its rights. But, under our construction of section 64a' of the Bankruptcy Act, 11 USCA § 104 (a), the bankruptcy court, in aid of speedy administration, might limit the time within which the government might prove its claim against the estate. If the Commissioner, because of existing exigencies, required more time to make his assessment, application should have been made to the court to modify its order so as to extend the time to file proof of claim. In default of such an extension the order barring claims would protect the trustee in distributions of assets made while it stood. Any other interpretation of its effect would enable the government to take its time in presenting claims for taxes, and would thus destroy the very advantages which orders limiting the time to file tax claims have been designed to prevent.

The government contends that the order barring it from filing claims for taxes after October 11, 1930, and from sharing in the assets of the estate except as to claims so filed, does not affect assets still undistributed. But we know nothing about the extent or even the existence of such undistributed assets. It may be that assets have already been distributed to creditors by way of dividends which ought to have been retained, for other purposes if the estate was to be subject to the deduction of the income taxes in question. While counsel say that there are still undistributed assets, we ought not to go on mere general statements which are not of record, and, without definite facts, ought not to treat the proof of claim as an application for a modification of the so-called "bar order."

In Employers' Liability Assur. Corporation v. Astoria Mahogany Co., 6 F.(2d) 945, we held that the refusal to permit the filing of a claim in an equity receivership after the termination of the period fixed by a general order for the filing of claims must be based on some prejudice arising, not from the claim itself, but from the delay in presenting it. In People of State of New York v. Hopkins (C. C. A.) 18 F.(2d) 731, 732, where also the administration was in equity, and not in bankruptcy, we held that an order limiting the time within which to present claims should be modified so as to allow the state of New York to present a claim for taxes after the original time prescribed in the bar order. Judge Swan, who wrote the opinion, said that: "The effect of such so-called bar order is merely to protect the receiver in making distribution without regard to possible claims of creditors who have failed to file them. If, before distribution is actually made, a creditor appears and satisfies the court that he is justly entitled to share in the assets on hand, his delay in presenting the claim should not bar him unless some one has been injuriously misled thereby. * * * Particularly should this be true with respect to taxes. The assets are still in custodia legis and should bear their share of the public dues despite the state's delay in asserting its claim."

Similar reasoning ought to govern the administration of estates in bankruptcy.

■ From the foregoing, it is evident that, if an application had been made for leave to prove the tax claim here under consideration, the referee would have been bound to grant the application if there were assets on hand available to pay taxes. The right of the government to share in any assets that may be available to pay taxes may be preserved if the order below is affirmed without prejudice to the right of the United States to apply to the bankruptcy court for modification of the order of June 16, 1930, so that it may file proof of claim and receive payment so far as any assets remaining undistributed may be properly applicable.

The order is affirmed, but without prejudice to the right of the United States to apply to the District Court for its modification of the order of June 16, 1930.