### UNITED STATES v. KAPLAN.

#### No. 160.

Circuit Court of Appeals, Second Circuit.

Jan. 14, 1935.

Martin Conboy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Charles Seligson, of New York City (Bernard Bayer, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In July, 1928, the United States obtained a judgment for $303.01, in an action for

breach of contract, against a corporation which five months later was adjudicated a bankrupt upon its voluntary petition. The defendant Kaplan was appointed trustee in bankruptcy and entered upon the administration of the estate. More than six months after the adjudication he distributed the assets to general creditors without paying the debt owing to the United States, although its judgment was listed in the bankrupt's schedules as a claim entitled to priority and the assets of the estate were more than sufficient to pay it. No claim was filed by the United States in the bankruptcy proceedings and no "bar order" was obtained against it. After the estate of the bankrupt was closed, the present suit was brought to hold the defendant personally liable for the amount of the judgment and interest thereon, under Rev. St. § 3467 (31 USCA § 192). The District Court held that no cause of action was stated.

■ Section 3466 of the Revised Statutes (31 USCA § 191) provides that, whenever a person indebted to the United States is insolvent, the debts due to the United States shall be first satisfied; and section 3467 (31 USCA § 192) imposes personal liability upon a trustee who distributes the debtor's property to other creditors before satisfying the debts due the United States. These sections were held to be in pari materia with the provisions of the Bankruptcy Act of 1867 (14 Stat. 517) according priority to debts and taxes due the United States, and to render personally liable an assignee in bankruptcy who with knowledge of the debt disregarded its priority, even though the United States had not proved its claim in the bankruptcy proceedings. Lewis v. United States, 92 U. S. 618, 23 L. Ed. 513; United States v. Barnes, 31 F. 705 (C. C. S. D. N. Y.). The defendant contends, however, that the same result does not obtain under the Bankruptcy Act of 1898 (11 USCA § 1 et seq.). In that act claims of the United States were dealt with more extensively, and by section 64 (11 USCA § 104) the order of priority was rearranged with the result that several classes of debts came ahead of nontax debts owing to the United States. This was held in Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706, to show a change of purpose and to render section 3466 (31 USCA § 191) ineffective to alter the order of priority set forth in section 64 of the Bankruptcy Act (11 USCA § 104). In the case of In re Tidewater Coal Exchange, 280 F. 648

(C. C. A. 2), this court held that the section was still effective within limits because incorporated by section 64b (5) now (7), 11 USCA § 104 (b) (5) now (7), which gives priority in the order named to "(5) debts owing to any person who by the laws of the States or the United States is entitled to priority." See, also, In re E. J. Hibner Oil Co., 264 F. 667, 14 A. L. R. 629 (C. C. A. 7); In re Anderson, 279 F. 525, 527 (C. C. A. 2); In re Stoever, 127 F. 394 (D. C. E. D. Pa.). But the Supreme Court ruled that the United States was not a "person" within the meaning of this clause. Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974. The following year, however, Congress amended the section and provided that it was. Section 64b (7) of the act, 11 USCA § 104 (b) (7). Consequently, as the law now stands, Rev. St. § 3466 continues in force, except in so far as it has been modified by the Bankruptcy Act, and in conjunction with section 64b (7) gives a debt due the United States priority in payment over general creditors, since they come in subsequent to the seventh group. In re Brannon, 62 F.(2d) 959, 960 (C. C. A. 5); In re C. D. Hauger Co., 54 F.(2d) 117, 118 (D. C. N. D. Tex.); Gilbert's Collier on Bankruptcy (3d Ed.) § 1318.

■ Section 3467 of the Revised Statutes is in pari materia with section 3466. United States v. Butterworth Judson Corp., 269 U. S. 504, 513, 46 S. Ct. 179, 70 L. Ed. 380; United States v. Western Union Telegraph Co., 50 F.(2d) 102, 103 (C. C. A. 2). In so far as section 3466 is operative to fix the order of priority under the Bankruptcy Act, section 3467 may reasonably be construed to impose liability upon a trustee who knowingly distributes the estate in disregard of the order of payment so fixed. No decision upon this point has been found; for a dictum to that effect, see Walkof v. Fox, 90 Misc. 338, 342, 153 N. Y. S. 27, affirmed 171 App. Div. 908, 155 N. Y. S. 1146.

In the counter argument, the defendant relies upon United States v. Wood, 290 F. 109 (C. C. A. 2), affirmed 263 U. S. 680, 44 S. Ct. 134, 68 L. Ed. 503. There the question presented was whether the United States could maintain a suit in equity against a trustee in bankruptcy to enforce against the assets of the estate an alleged claim to priority. It was held that the United States, like any private litigant, is bound by the provisions of the Bankruptcy Act, so that the claim could not be enforced by a separate suit in equity against the trustee. But what

is the priority of the United States in the bankruptcy court and the question of personal liability of the trustee for failure to recognize that priority are not touched upon in the court's opinion. It is further argued that, since the United States is required to establish its claim in the bankruptcy proceedings before it is entitled to receive any payment out of the estate, Rev. St. § 3467, imposes no liability upon a trustee who disregards a claim not so filed. The conclusion does not necessarily follow from the premise. It is true there are cases holding that the United States must file its claim for taxes within the time specified by a bar order, if it is to share in the estate. In re Anderson, 279 F. 525 (C. C. A. 2); In re Morganstern & Co., 57 F.(2d) 163 (C. C. A. 2); People v. Irving Trust Co., 288 U. S. 329, 53 S. Ct. 389, 77 L. Ed. 815; In re Stavin, 12 F.(2d) 471 (D. C. S. D. N. Y.). A fortiori this must be true of nontax debts, which are apparently dischargeable [Bankr. Act, § 17 (11 USCA § 35); United States v. Wood, 290 F. 109, 115 (C. C. A. 2); United States v. Hawkins, 20 F.(2d) 539 (D. C. S. D. Cal.); McPhee v. United States, 64 Colo. 421, 174 P. 808], and within the contemplation of debts to be proved and allowed, Bankr. Act, § 57j (11 USCA § 93 (j). That the court of bankruptcy has complete control of the distribution of the estate even when the United States is a creditor must be conceded. United States v. Wood (C. C. A.) 290 F. 109, affirmed 263 U. S. 680, 44 S. Ct. 134, 68 L. Ed. 503; U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 218, 32 S. Ct. 620, 56 L. Ed. 1055. But a claim of the United States need not be proved within the time limitation provided by Bankr. Act § 57n, 11 USCA § 93 (n). This court has so held in Re Cuban-Atlantic Transport Co., 57 F.(2d) 963 (contract claim); In re J. Menist Co. (C. C. A.) 294 F. 532 (taxes). See, also, People v. Irving Trust Co., 288 U. S. 329, 331, 53 S. Ct. 389, 77 L. Ed. 815. That being so, the United States was still entitled to prove its claim at the time when the defendant distributed the estate, and it does not follow from the fact that the claim had not yet been filed that he could safely ignore it. We may assume that, as in the case of taxes, he could have protected himself by a bar order. Having failed to do so, we do not see how he can successfully contend that the debt owing to the United States is not within both the letter and the spirit of section 3467.

There is nothing incongruous in surcharging the trustee for a debt which is discharged as against the bankrupt who incurred the obligation. It is a purpose of the Bankruptcy Act to accord debtors who have properly invoked its provisions a discharge from debts that are provable and not excepted from discharge by Bankr. Act § 17 (11 USCA § 35), and the trustee's wrong in failing to recognize the priority accorded a debt due the United States can in no way be imputed to the bankrupt. The defendant, on the other hand, had notice of the existence of the debt of the United States, and held the bankrupt's property as a trustee for the United States in so far as it was necessary to satisfy that debt. In our opinion for breach of his duty as trustee, he is rendered liable. Compare Lewis v. United States, 92 U. S. 618, 622, 23 L. Ed. 513; United States v. Barnes, 31 F. 705, 707 (C. C. S. D. N. Y.). Although these cases arose under the Bankruptcy Act of 1867, which in no respect modified sections 3466 and 3467 of the Revised Statutes (31 USCA §§ 191, 192), we think their reasoning is still persuasive in so far as section 3466 is operative in conjunction with section 64b of the 1898 act (11 USCA § 104 (b) to accord the United States priority over general creditors.

The judgment is reversed, and the cause remanded for further proceedings.