## In re RIEMER.

### No. 105.

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

Harry Cooper, of Medina, N. Y., for trustee.

John J. Bennett, Jr., Atty. Gen., for the State of New York.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Eno C. Riemer was adjudicated a bankrupt by the District Court for the Western District of New York on February 16, 1931. Upon due notice the first

meeting of his creditors was held on March 27, 1931. Before the time for filing claims under section 57n, as amended in 1926, expired on August 16, 1931, many claims were filed, and on January 13, 1933, a dividend of 6 per cent. to all creditors whose claims had been allowed was ordered to be paid and was paid by the trustee soon thereafter. After the payment of this dividend, there remained in the estate more than sufficient funds to pay the claim of the appellant which is based upon article 12-A of the New York Tax Law (Consol.Laws N.Y. c. 60, § 282 et seq.) for motor fuel taxes. This claim, however, had not been filed when the dividend was ordered paid on January 13, 1933. It was then for the first time made known to the referee and to the trustee, and proof of it was not presented for filing until December 23, 1933, when it was met with the objection that it was too late because not filed within the time limited by section 57n, as amended in 1926, and was rejected for that reason.

The bankrupt was a distributor of motor fuel in New York subject to the provisions of article 12-A of its Tax Law. The claim rejected was for $1,794.82 due for the month of December, 1930, and for January and for the 1st to the 16th of February, 1931. There is no dispute as to the amount due provided the claim may be filed without regard to the limitation of six months set up by section 57n, as amended in 1926.

■ As the appellant believes that its claim is for taxes due which are to be ordered paid under section 64 of the Bankruptcy Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 104, provided there are available funds left in the estate when the claim is presented notwithstanding the limitation of section 57n, as amended in 1926, it is necessary to determine whether or not the state law mentioned did impose a tax upon the bankrupt as a distributor. Section 283, Tax Law (N.Y.), requires distributors to be registered and to file an approved bond or make permitted substitute provision "to secure the payment of any sums due from such distributor pursuant to this article." Section 284, subd. 1, lays the tax as follows: "There is hereby levied and imposed an excise tax of two cents per gallon upon motor fuel sold within the state by a distributor." Section 287 requires the

distributor to pay the tax. After making provision for his filing monthly returns it provides that: "Each such distributor shall pay to the department with the filing of such return, the tax imposed by this article on each gallon of motor fuel sold by such distributor in the state, as so reported, during the period covered by such return, after deducting therefrom an amount equivalent to one per centum of the amount due, which is hereby allowed the distributor on account of services and expenses in complying with the provisions of this article." Section 289 deals with proceedings against the distributor to recover the tax "whenever any distributor shall fail to pay" as the article requires. Section 289-c relates to refunds. They . are to be made to purchasers, not to distributors, under conditions stated and the reason for this restriction as to refunds is found in subdivisions (1) and (2) which follow in so far as material:

"1. The tax imposed by this article though payable by the distributor, shall be borne by the purchaser and when paid by the distributor shall be deemed to have been so paid for the account of the purchaser. No person shall sell, advertise, or offer for sale motor fuel, separate from the tax herein imposed; and the price paid by the purchaser for motor fuel on which the tax has been paid, if such price be not less than the amount of the tax thereon, shall be presumed for the purposes of this section to have included the tax.

"2. However, the intention of this article is to place the ultimate burden resulting from such tax, so far as possible, on persons who use the public highways of the state for operating motor vehicles thereon."

Thus it appears that so far as refunds are concerned the tax, though payable by the distributor against whom the state may take action in the event of nonpayment, is to be treated as paid ultimately not by him but by the purchaser from whom he is presumed to collect it and for whose account he pays it to the state. That is but the theory, however, upon which refunds are made. It does not alter the obligation of the distributor to pay the tax within the period for which he must file a return and to do so whether he has then collected the amount from purchasers or not. Nor is he entitled to a refund when he has paid the tax

164

but has not been paid for the motor fuel by the purchaser. See Op.Atty.Gen.(1932) 45 St.Dept. 486. Clearly the sale by the distributor is what is taxed and when he sells he becomes liable to the state for the tax whether he sells on credit or for cash. It is to him alone that the state looks for payment and against him alone proceedings to recover the tax are to be taken under section 289 if he fails to pay within the time limited. Thus the law which imposes the tax upon sales of motor fuel by a distributor makes the distributor the taxpayer though he is not only permitted but presumed to shift the burden to the consumer. The state's claim in this proceeding is a necessary substitute for a suit under section 289 to recover the taxes and must be held to be a claim against the bankrupt for the same taxes it might but for the bankruptcy have been entitled to recover from the distributor.

■ Section 64a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 104 (a), requires that taxes be ordered paid "in the order of priority as set forth in paragraph (b) hereof." They are payable out of the general funds of the estate in advance of dividends to creditors. Polk County, Iowa, v. Burns (C.C.A.) 247 F. 399. And this is so though they are not secured by any specific lien. Marshall v. New York, 254 U.S. 380, 41 S.Ct. 143, 65 L.Ed. 315. Federal claims need not be proved within the time limited by section 57n. Villere v. United States (C.C.A.) 18 F.(2d) 409, 53 A.L.R. 571. The United States is not mentioned in the limitation and so not bound by it. Lewis v. United States, 92 U.S. 618, 23 L.Ed. 513; United States v. Herron, 20 Wall. 251, 22 L.Ed. 275; Guarantee Title & T. Co. v. Title Guaranty & S. Co., 224 U.S. 152, 32 S.Ct. 457, 56 L.Ed. 706. Neither are the states mentioned in 57n. It is true that the states are not the sovereign powers under whose authority the bankruptcy law was passed yet that sovereign has put the payment of taxes due it and due the states upon the same basis. Indeed, as said in New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 139, 51 L.Ed. 284, "The requirement of the present law is a wide departure from the act of 1867, and specifically obliges the trustee to pay all taxes legally due and owing, without distinction between the United States

and the state, county, district, or municipality." Though the state taxes are so payable, the court has the power to make an order barring them unless claim is presented within a time limited. New York v. Irving Trust Co., 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815. The need for bar orders in respect to state taxes in order to make it possible to close estates promptly was recognized in the case just mentioned on the supposition that section 57n, as amended in 1926, 11 U.S.C.A. § 93 (n), does not bind the states. That section 57n did not apply to the states was there conceded and not strictly in issue. We need not, however, decide now whether section 57n applies to debts due and owing to the states or not.

■■ Taxes are not debts, but are imposts levied according to law to raise money for the support of the government. Lane County v. Oregon, 7 Wall. 71, 19 L.Ed. 101; Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197; New Jersey v. Anderson, supra. Their payment is governed by section 64 (11 U.S.C.A. § 104). In re Morgenstern & Co. (C.C.A.) 57 F.(2d) 163; In re Anderson (C.C.A.) 279 F. 525; In re Stavin (D.C.) 12 F.(2d) 471. As there has been no bar order, proof of the claim for taxes was timely so long as undistributed assets remained in the estate.

Order reversed.