## STATE OF DELAWARE v. IRVING TRUST CO.
### No. 463.

Circuit Court of Appeals, Second Circuit.
July 26, 1937.

Peaslee & Brigham, of New York City (Ralph G. Albrecht and Martin A. Meyer, Jr., both of New York City, of counsel), for the State of Delaware.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This action was brought by appellant against the trustee in bankruptcy of the American Solvents & Chemical Corporation, a Delaware corporation, to recover damages against it personally for tax claims not paid by it out of the bankrupt's estate.

*Writ of certiorari denied 53 S.Ct. 283, 82 L.Ed. —.

After answer was filed, judgment on the pleadings was granted for the appellee.

The complaint alleged that the American Solvents & Chemical Corporation was adjudged a bankrupt on February 13, 1932, and the appellee, Irving Trust Company, was elected and qualified as trustee. Franchise taxes for the years 1931 and 1932, which became due on November 1st of those respective years, were owing by the bankrupt to the State of Delaware. These taxes, together with an amount imposed for failure to file an annual report for the year 1932, totaled $8,825. It further alleged that notices to file claims were sent out by the trustee to creditors, but no notice was sent to the appellant; it was unaware of the bankruptcy proceedings until after their termination and the discharge of the trustee. Further, that the trustee did not procure any bar order directing the appellant to file its claim and prescribing a time limit for so doing, notwithstanding that the assets of the estate were adequate to meet the appellant's tax claim which by section 64 of the Bankruptcy Act, as amended (11 U.S.C.A. § 104), was accorded priority. In failing to satisfy this claim, the trustee is alleged to have breached a duty for which it is personally responsible. The answer set up as an affirmative defense that the claim for taxes was not scheduled by the bankrupt; that the appellant filed no claim nor made it known to the court and no order was entered directing payment of the taxes and that the trustee fully distributed the assets of the estate in accordance with the decree made in the bankruptcy proceedings; and finally that the trustee in no way had any knowledge or notice of the appellant's claim.

An issue of law is presented as to whether a trustee who has wound up a bankrupt's estate in obedience to court decrees may thereafter be held personally responsible for the unsatisfied tax claims of a state which were neither scheduled nor in any manner brought to its knowledge or, attention. Such liability may be imposed only if an active duty of inquiry rests upon the trustee, a duty to ascertain at its peril the existence of taxes. Section 64 of the Bankruptcy Act, as amended (11 U.S.C.A. § 104), whence this duty is sought to be implied, enumerates seven items of priority, of which five are given precedence over the taxes referred to in subdivision (a), § 64, as amended (11 U.S.C.A. § 104 (a), which provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality. * * * Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

This section describes an adequate procedure by which the taxing body may effect the collection of its claims out of assets which have passed into the court's control and supervision. Such assets are not subject to distraint by the taxing power. In re Tyler, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689; New Jersey v. Lovell, 179 F. 321, 31 L.R.A.(N.S.) 988 (C.C.A. 3), certiorari denied 219 U.S. 587; 31 S. Ct. 471, 55 L.Ed. 347. Section 64, by granting priority and by authorizing a court order directing the prior payment of taxes, grants a substitutionary remedy.

The statute prescribes a procedure for the collection of tax claims from the estate and enumerates priorities which the trustee must recognize in the distribution of assets. There is not the remotest suggestion in section 64 that the trustee must go beyond the court records, beyond the scheduled claims and must ascertain the existence of taxes, referred to in subdivision (a), which are otherwise unknown to it. It is significant that section 47 of the Bankruptcy Act (11 U.S.C.A. § 75), which details the duties of a trustee, is silent upon the existence of any such duty as the appellant seeks to impose. Cases have spoken obiter of the active duty of inquiry which rests upon the trustee. Stanard v. Dayton, 220 F. 441, 444 (C.C.A. 8), modified 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190; Carbon County v. Lee, 36 F.(2d) 218, 219 (C.C.A.10); In re Kallak, 147 F. 276, 277 (D.C.N.D.); In re Montgomery & Son, 17 F.(2d) 404, 406 (D.C.Ohio); In re Servel, 45 F.(2d) 660, 661 (D.C.Idaho). But in the only case where the issue was squarely raised (United States v. Eyges, 286 F. 683, 684 [D.C.Mass.]), it was held that: "Where the tax is not brought to the trustee's or the court's attention, and he does not know of it, and no order is made for the payment of it, and he distributes the assets in accordance with the orders of the bankruptcy court, it would be plainly unjust and would be going beyond what the

statute contemplated [section 64] to hold that he is personally liable."

In United States v. Eyges, supra, taxes due the United States were involved. It must be observed in this connection that the priority of federal taxes and the liability of trustees who fail to discharge debts due to the United States are specifically covered in Rev.Stat. § 3466 and § 3467, as amended (31 U.S.C.A. §§ 191, 192). Section 3466 (31 U.S.C.A. § 191) directs that "debts due to the United States shall be first satisfied"; taxes are included therein. Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373. Section 3467, as amended (31 U.S.C.A. § 192), provides that "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

■ An explicit duty is therefore imposed upon a trustee who fails to satisfy claims for federal taxes. It is a duty, however, which has been repeatedly referred to as a qualified one, applicable only where the trustee is on notice of the existence of taxes. United States v. Fisher, 2 Cranch, 358, 390, 2 L.Ed. 304; United States v. Barnes, 31 F. 705, 707 (C.C.N.Y.); In re Anderson, 279 F. 525, 527 (C.C.A.2); United States v. Kaplan, 74 F.(2d) 664, 665 (C.C.A.2). Assuming that a duty parallel to that contained in section 3467, as amended, might justifiably be implied as to state taxes, it is certainly wrong to argue that the parallel duty should be greater and should be unqualified by the requirement of knowledge or notice of the claim. Whether the duty should be implied where notice exists, either through the schedule or otherwise, may be determined when the occasion arises. On the facts before us we are satisfied that no personal liability rests upon the trustee. The claim was unscheduled and absence of knowledge by the trustee is uncontroverted.

The existence of an active duty of inquiry is said to exist by indicating that a trustee by obtaining tax-bar orders may fully protect itself in the distribution of assets, In re Stavin, 12 F.(2d) 471, 473 (D.C.S.D.N.Y.), and effectively exclude the taxing body from participation in the estate if the order is not complied with, In re Anderson, supra. In New York v. Irving Trust Co., 288 U.S. 329, 331, 53 S.Ct. 389, 390, 77 L.Ed. 815, the court pointed out that bar orders may be essential to the expeditious closing of estates since neither the United States nor the states are bound by the time limitations prescribed in section 57n, Bankr.Act, as amended (11 U.S.C.A. § 93 (n), for the filing and proving of claims. Villere v. U. S., 18 F.(2d) 409, 53 A.L.R. 571 (C.C.A.5), certiorari denied 275 U.S. 532, 48 S.Ct. 29, 72 L.Ed. 410; In re Riemer, 82 F.(2d) 162 (C.C.A.2). It has been held that, if no bar order is obtained, claims for taxes may be allowed even after dividends are declared to the creditors so long as the assets remain undistributed. In re Rheem, 64 App.D.C. 390, 78 F.(2d) 740, certiorari denied 296 U.S. 625, 56 S.Ct. 148, 80 L.Ed. 444. The function and purpose of bar orders is to offer a means by which tax claims, known to the court or trustee, may be discharged with reasonable promptness. It is difficult to understand their bearing upon the active duty of inquiry upon which the appellant insists.

■ It is not in point to say that a trustee may be surcharged where a negligent failure to pay taxes subjects the estate to the payment of interest and penalties. Remington on Bankruptcy, § 847. This follows from the rule that vis-à-vis claimants to the estate the trustee is under a duty to exercise due diligence to prevent loss. In re Kuhn Bros., 234 F. 277 (C.C.A.7) certiorari denied Chicago Title & Trust Co. v. Zuttermeister, 242 U.S. 629, 37 S.Ct. 14, 61 L.Ed. 536; In re Reinboth, 157 F. 672, 16 L.R.A.(N.S.) 341 (C.C.A.2).

We have not overlooked the fact that an active duty of inquiry into the existence of state taxes would presumably be less harsh and exacting where, as here, the state which claims taxes is likewise the state of incorporation, just as it would be most oppressive where the claims are for the multitudinous taxes by states, counties or municipalities where the bankrupt may have conducted its business. But we do not deem this consideration controlling since the liability of the trustee, if it is to be imposed, would depend upon notice acquired through the schedule or otherwise and not upon the precise relationship of the taxing body to the bankrupt. The appellant urges that constructive notice should

be sufficient; but even if it were—a matter on which we express no opinion—it is clear that no facts adequate to establish such notice are proved. It is not enough that the taxes are owed to the state of incorporation; yet that is the only conceivably relevant fact alleged in the complaint.

 The question is raised as to whether the appellant rightly brought this suit on behalf of the state through private counsel, the argument being that no state statute specifically authorizes such procedure. There is no rule, statutory or otherwise, which requires such authorization. Of course, if the state defines a procedure to be followed, its provisions must be observed and enforced. People v. Navarre, 22 Mich. 1; Commonwealth v. Helm, 163 Ky. 69, 173 S.W. 389. But such is not the situation here.

Judgment affirmed.