In the Matter of the Assignment for the Benefit of Creditors of JOSEPH DE RARIO, INC., Assignor, to NEW YORK CREDIT MEN'S ASSOCIATION, Assignee.

Supreme Court, Special Term, New York County, September 2, 1943.

Nathaniel L. Goldstein, Attorney-General, for Industrial Commissioner of the State of New York.

I. Jonas Speciner for assignee.

WALTER, J. Wage claimants here seek an order directing an assignee for the benefit of creditors to make payment of the amounts due them. The assignment was made over six months ago. There are assets on hand to pay these claims, at least in large part, unless there be tax claims of an amount greater than any of which the assignee has been advised. Because of the mere possibility of larger tax claims the assignee asks that the motion be denied, with leave to renew upon the assignee's final accounting, without in any way indicating when such final accounting will be had.

As tax claims of the United States have priority over the wage claimants (*Matter of Kupshire Coats, Inc.*, 272 N. Y. 221), the assignee undoubtedly might incur some personal liability if he paid the wage claimants and thereby depleted the assets to a point where they are insufficient to pay tax claims of which he has notice (U. S. Code, tit. 31, §§ 191, 192; *State of Delaware* v. *Irving Trust Co.*, 92 F. 2d 17, certiorari denied 302 U. S. 754), and he should not be ordered to make a payment which might impose such liability upon him. (*Matter of Bates*, 255 App. Div. 615.) But that is no reason why administration of the estate should be allowed to sleep or why payment of the wage claimants should be postponed indefinitely or for an unreasonable time.

The United States is not bound by State statutes of limitations and is not chargeable with laches (*United States* v. *Summerlin*, 310 U. S. 414, 416), but for that very reason assignees should be diligent in securing a prompt disposition of tax

claims. The usual procedure in bankruptcy is to obtain an order requiring the filing and determination of tax claims within a specified time, and the validity of such orders, as to both State and Federal taxes, has been sustained, even though they required filing before the expiration of the year then allowed by the Bankruptcy Act for the filing of claims. [U. S. Code, tit. 11, § 93, subd. (n), as amd.; *Matter of Anderson*, 279 F. 525; *Matter of Stavin*, 12 F. 2d 471, per THACHER, J.; *Matter of Morgenstern & Co.*, 57 F. 2d 163; *New York* v. *Irving Trust Co.*, 288 U. S. 329; and see, also, *United States* v. *Kaplan*, 74 F. 2d 664.] Such " bar orders " have been declared to be necessary for the obvious reason that without them estates could not be promptly closed (*New York* v. *Irving Trust Co., supra,* at p. 331), and they have been used in equity receiverships as well as in bankruptcy proceedings (*Hammond* v. *Carthage Sulphite Pulp & Paper Co.*, 34 F. 2d 155, 156; and see, also, *Wm. Filene's Sons Co.* v. *Weed*, 245 U. S. 597, 602, quoted in *New York* v. *Irving Trust Co., supra,* at pp. 332, 333), and as the same necessity exists in assignment proceedings it seems obvious that they are equally available in such proceedings.

Notice of the present application was given by the moving parties to the United States Collector of Internal Revenue, the New York State Unemployment Insurance Fund and New York City Sales Tax Department, but I doubt whether the service of such notice can be regarded as the equivalent of such a " bar order " as is referred to in the cases above cited.

The assignee is accordingly directed to obtain such a " bar order " within ten days after publication of this opinion, and the present motion is denied upon condition that the assignee obtain such order within that time and with leave to renew after all tax claims have been either determined or barred under such order.