BRIGGS v. HUNT, ELLIS & CO. et al.

Petition of BRIGGS.

(Circuit Court of Appeals, First Circuit.
February 2, 1926.)

Nos. 1927, 1937.

1. **Bankruptcy** ⬤➡465—Appeal dismissed on same matter coming before court on petition to revise.

Appeal from decree affirming order of referee in bankruptcy limiting time for filing reclamation claims will be dismissed, where matter is also before the court on petition to revise the same decree.

2. **Bankruptcy** ⬤➡446—Question of authority to enter order not considered on petition of one not adversely affected.

Question of authority of referee in bankruptcy before adjudication to limit time to file reclamation petitions will not be considered; no right of petitioner, so far as disclosed, being adversely affected, he not alleging that he was thereby prevented from filing any such petitions, and it appearing that he did file two within the time limited.

Appeal from and Petition to Revise the Proceedings of the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of Hunt, Ellis & Co. and others, bankrupts. Walter S. Briggs appeals from a decree affirming an order of the referee, and files petition to revise the same decree. Appeal and petition dismissed.

Mark M. Horblit, of Boston, Mass. (Herbert A. Baker and Horblit & Wasserman, all of Boston, Mass., on the brief), for appellant and petitioner.

Daniel J. Lyne, of Boston, Mass., pro se.

Lee M. Friedman, of Boston, Mass. (Friedman, Atherton, King & Turner, of Boston, Mass., on the brief), for other appellees and respondents.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. No. 1927 is an appeal from a decree of the federal District Court for Massachusetts affirming an order of a referee in bankruptcy limiting the time for filing reclamation claims in a bankruptcy matter where, before adjudication, composition had been offered and accepted by a majority of the creditors, but as yet not approved by the court.

[1] No. 1937 is a petition to revise in matters of law the same decree from which the appeal was taken in the previous case.

The matter is properly before us on pe-

tition to revise, and the appeal should be dismissed.

It appears that on August 10, 1925, an involuntary petition in bankruptcy was filed against William Hunt and L. Guy Dennett, copartners carrying on a stock and brokerage business under the name of Hunt, Ellis & Co.; that on October 12, 1925, the alleged bankrupts filed a petition for composition; that on October 13, 1925, the case, with the petition, requesting a meeting of creditors to consider the offer of composition, was referred to the referee in bankruptcy, "to take such further proceedings therein as are authorized by the act and as in his judgment may be necessary or advisable for the preservation of the estate or business of the alleged bankrupt, including the appointment of receivers and appraisers, if necessary; to hear and determine all matters of fact relating to said meeting and the proposed offer in composition; to call such meetings, give such notices, and make such further orders as may be necessary in the premises while said petition and offer in composition are pending, and to file his report under this order within 40 days hereafter"; that on October 17, 1925, notice of a meeting to consider the composition was duly given; that at said meeting held October 30, 1925, on motion of counsel for the alleged bankrupts, the referee fixed December 30, 1925, as the time on or before which claims in the nature of reclamation or in the nature of impressing funds with a trust must be filed, which order was later reduced to writing, notice of which was mailed to all creditors on November 4, 1925; that said order, after setting out the name of the case and the motion of counsel, the time when and the circumstances under which the oral order was made, reads as follows:

"It is hereby ordered that the time on or before which persons in interest herein may herein file any proceeding in reclamation, in the nature of reclamation or in the nature of impressing with trust securities or funds within the jurisdiction of this court, be and the same hereby is fixed at December 30, 1925, being sixty (60) days from the date hereof and it is further ordered that all persons in interest failing on or before such date to file any such claim be forever thereafter barred from filing the same herein."

On November 11, 1925, the present petitioner filed a petition to review said order by the District Judge, and on November 23, 1925, the District Judge, having reviewed the order, entered a decree dismissing the peti-

tion and affirming the order of the referee. No order of ·adjudication has been entered, and the petition for composition is still pending before the referee. It further appears that the petitioner had, within the time fixed by said order, filed in said proceeding two or more petitions for reclamation.

[2] The contention on the part of the petitioner is that the court erred in affirming the order of the referee on the ground that the latter had no authority to enter the order before adjudication.

We are unable to see wherein the petitioner, in view of the facts set out in his petition, is in any way aggrieved by the order. The petition does not allege that he has been prevented by the order from filing such reclamation petitions as he deemed necessary, and the answer to the petition discloses that he has "within the time fixed therefor by said order filed two petitions in the nature of reclamation, one on December 1, and the other on December 30, 1925."

We listened with interest to the extended arguments of counsel and have spent much time examining the cases called to our attention as bearing on the question argued, but as no right of the petitioner, so far as the facts disclose, is adversely affected by the order, we do not feel called upon to consider it.

It may be doubtful whether the order properly construed operates further than to preclude the filing of reclamation claims in the bankruptcy proceeding after the date fixed by the order and to bar proceedings against the receiver individually in case he turned over the estate to the bankrupts with knowledge of outstanding reclamation claims which had not been seasonably filed, a composition having been confirmed. It would seem, however, that to this extent it would operate to preclude the filing of claims thereafter and as a bar, and that the District Court had jurisdiction to enter such an order. It will be sufficient to consider the question whether the District Court, after a petition for composition has been filed, either before or after adjudication, has jurisdiction to enter an order barring reclamation claims as against the debtor, not presented within the time limited, when a case presenting the question is before us.

It is one thing to say that adverse claimants to property in the custody of the bankruptcy court may have their rights determined in that court, pending a composition, and quite another to say that a bankrupt debtor may, distribution of the estate being

suspended by a pending composition, compel such adverse claimants to have their rights in the property determined in that court or be thereafter barred.

In No. 1927, Briggs v. Hunt, Ellis & Co., the appeal is dismissed without costs. No. 1937, Walter S. Briggs, Petitioner, the petition is ·dismissed, with costs to the respondents.