**In re SWAN.**

**UNITED STATES v. IRVING TRUST CO.**

**No. 236.**

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1936.

Lamar Hardy, U. S. Atty., of New York City (Frank J. Wideman, Asst. Atty. Gen., Sewall Key and M. C. Ferguson, Sp. Assts. to Atty. Gen., and Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for respondent-appellee Irving Trust Co.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

An account filed by the trustee in bankruptcy on May 7, 1934, showed a net balance in its hands of $12,000. On February 23, 1934, the referee had made an order directing the United States to file a proof of any claim it had within 30 days. No claim was filed during the pre-

scribed period, but on May 8, 1934, the United States filed a proof of claim in the sum of $815,765.33 for income taxes assessed against the bankrupt for the year 1929. A reduced claim was thereafter filed for $579,667.72. The trustee moved to expunge the claim on the ground that it was filed too late and the assessment on which it was based was arbitrary and unwarranted, and the United States moved to lift the bar order a..d extend the time within which it might file proof. On August 30, 1934, the referee made an order denying the motion to lift the bar order and granting the motion to expunge the claim. Upon a petition to review, Judge Coxe held that the bar order should be lifted provided the government showed "sound merit" in its claim and he referred back the case to the referee accordingly. Thereupon the referee took testimony and held in substance that the assessment was without foundation, declined to lift the bar order or to permit the filing of the claim, and ordered the "alleged claim" stricken from the files. Upon review of this order, which was dated May 13, 1935, Judge Caffey affirmed the action of the referee on the ground that "sound merit" in the claim had not been shown. It is Judge Caffey's order of August 1, 1935, that is sought to be reviewed before us. No appeal has ever been allowed by this court and the time to apply for leave has expired. The trustee in bankruptcy contends that an appeal did not lie from the order of August 1, 1935, as a matter of right and could only be taken under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47 (b), pursuant to leave. We think this contention is sound and that the appeal must accordingly be dismissed.

■ The question is whether the order of August 1, 1935, declining to remove the bar and to allow the claim to be filed is to be regarded as "a judgment * * * rejecting a debt or claim" from which an appeal lies under section 25a of the Bankruptcy Act, as amended (11 U.S.C.A. § 48 (a), as a matter of right. The issue before Judge Caffey was whether the bar order should be lifted. Until it should be lifted the claim could not lawfully be proved. It is true that the result the judge reached was due to his conclusion that from the evidence before the referee there had not been a sufficient showing of merit in the claim to justify the removal of the bar. But his order did not purport to reject the claim, but only to determine whether the bar should be removed. Therefore, the appeal is not to be regarded as from the rejection of a claim and leave should seasonably have been obtained in order that we may hear it. To invoke an appeal under section 25a as a matter of right, the appellant must bring itself within the terms of the statute and not simply show that the practical effect of a denial of the motion to lift the bar inevitably resulted in the loss of any possibility of recovery. In re American Solvents & Chemical Corporation, 73 F.(2d) 301 (C.C.A.2), certiorari denied Forest Prod. Chemical Co. v. Com'r of Internal Revenue, 294 U.S. 726, 55 S.Ct. 636, 79 L.Ed. 829, 96 A.L.R. 1457; Briggs v. Hunt, Ellis & Co., 10 F.(2d) 285 (C.C.A.1); In re Gelino's, Inc., 51 F.(2d) 875 (C.C.A.7). We think the United States did not bring itself within section 25a here and could only do this by obtaining a removal of the bar, and if its claim was thereafter rejected, taking its appeal. This it did not do. A refusal to remove the bar was a "proceeding in bankruptcy," i. e., a step in administration of the estate and not a "controversy," and not a rejection of the claim. It might only be reviewed under section 24b and as to matters of law.

■ R.S. § 3176, as amended by chapter 27, § 1103, 44 Stat. 9, 112 of the Revenue Act of 1926 (26 U.S.C.A. § 1512), provides that if any person fails to make an income tax return "the Commissioner [of Internal Revenue] may, from his own knowledge and from such information as he can obtain through testimony or otherwise, make a return or amend any return made by a collector or deputy collector. Any return or list so made and subscribed by the Commissioner, or by a collector or deputy collector and approved by the Commissioner, shall be prima facie good and sufficient for all legal purposes."

When the government produced the assessment list, it had shown a prima facie right to have the bar order removed—a right which apparently was only controverted by oral asseverations of the trustee's attorney. It may be that upon such a record the referee ought to have removed the bar and to have tried out the claim on the merits and that Judge Coxe should have sent back the case to the referee for trial rather than for further

consideration as to the removal of the bar. But no attempt was made to review the order of Judge Coxe under section 24b of the Bankruptcy Act, and the appellant produced as a witness the very man on whose investigation the assessment was made. His testimony shows that the assessment was a mere "shot in the dark" having no foundation. In other words, the government's testimony overcame the presumption in its favor and demonstrated that the assessment was arbitrary. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. We suggest the above only to indicate that in our opinion the appellant lost nothing by its inability to remove the bar.

Appeal dismissed.