**In re DORB THE CHEMIST PHARMACIES, Inc.**

**No. 72926.**

District Court, S. D. New York.

Oct. 20, 1939.

Nathaniel H. Mandelker, of New York City, for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for the City of New York.

GODDARD, District Judge.

Petition for review of the order of the referee in bankruptcy denying the application of the City of New York (I)—to permit the city to amend the proof of claim allegedly filed within the three months' period as provided by § 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, or (2)—to permit the city to file an original proof of claim within six months of adjudication.

On January 4, 1939, the bankrupt filed a petition for reorganization under Chap-

ter XI of the Chandler Act, 11 U.S.C.A. § 701 et seq. Reorganization having failed, an order was entered on January 26th adjudicating the debtor a bankrupt and directing liquidation. On January 27th the city received from the referee a notice of the entry of an order containing the following—"Claims shall not be proved against the debtor estate subsequent to three months after the mailing of this notice, to wit, January 27, 1939". This notice also stated that the first meeting of creditors would be held on February 6, 1939. On May 3, 1939, the referee denied an application made by the city to file a claim on the ground that the time in which to file claims had expired on April 27th. Subsequently in August it requested leave from the referee to file an amendment to a claim which it alleged had been filed within the three months, which leave the referee denied. The claim which the city alleged it filed and which it seeks permission to amend was a letter written by an assistant corporation counsel to the attorney for the debtor on January 11, 1939. This letter set forth in general terms that the debtor was indebted to the city for various local taxes and asserted that these taxes were prior claims and requested information as to where the debtor's books and records were located and when they would be available for the city's representative to examine them for the purpose of accurately determining the amount of the claim for taxes. The letter went on to say "if a reply is not received within thirty days this office will assume that there are no records available and will file a claim based upon such information as may be obtained * * *". In reply to this letter the attorney for the debtor informed the corporation counsel that the books and records were in his, the attorney for the debtor, office and were open to inspection at any time. In the early part of April a city auditor examined the books and a claim was prepared and sworn to which the city attempted to file with the referee on May 3, 1939, but the referee rejected it on the ground that three months having expired since the date of adjudication, it was now too late to file it.

■ If a claim is filed it may be amended if defective in form, but in the case at bar the claim was not filed with a prescribed depository—the clerk, referee, or trustee, so it is clear that there was no claim filed which could be amended. In

re Brill, D.C., 52 F.2d 636, affirmed, 2 Cir., 52 F.2d 639; In re Richmond Hill Electric Supply Co., Inc., D.C., 47 F.2d 948, 949. The letter written to the attorney for the debtor was a mere inquiry for information; it placed no burden upon the debtor's attorney. It stated that the city "will file a claim" and it does not appear that it ever came to the attention of the trustee or anyone authorized to receive claims before the time had expired to file claims. The referee was right in refusing to allow an amendment for there was nothing on record to amend.

■ The referee's notice of January 26th limiting the filing of claims to a period of three months pursuant to § 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, which provides in effect that when in a Chapter XI proceeding bankruptcy is directed to be proceeded with, claims not already filed "may be filed within three months after the first date set for the first meeting of creditors * * *", bars the filing of general claims. However, § 355 does not mention taxes due by a bankrupt to the United States, to a state, county, district or municipality. Claims for federal taxes are not barred unless specially mentioned and in § 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, all taxes due and owing by the bankrupt to the United States, county, state, district or municipality, are placed on a parity. Therefore, this § 355, 11 U.S.C.A. § 755, does not exclude the filing of such claims for taxes. New York v. Irving Trust Company, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815; In re Riemer, 2 Cir., 82 F.2d 162; Bankruptcy Act, § 64, sub. a, 11 U.S.C.A. § 104, sub. a.

■ Section 57, sub. n, of the Bankruptcy Act was amended by the Chandler Act, 11 U.S.C.A. § 93, sub. n, to provide that all claims, including claims of the United States, or any state or subdivision thereof, must be filed within a six months' period. The amendment expressly includes them so as to bar such claims after six months. Such claims are barred only under § 57, sub. n, of the Bankruptcy Act which bars them if not filed within six months after the first date set for the first meeting of creditors. Evidence that the Congress intended the six months' period to apply to such claims when reorganization under Chapter XI failed and adjudication ordered, is found in § 378, sub. 2 of the Bankruptcy Act, 11 U.S.C.A. § 778, sub. 2,

which provides that when in a Chapter XI proceeding, bankruptcy is directed to be proceeded with, the proceeding thereof shall be conducted as far as possible "in the same manner and with like effect as if a bankruptcy petition for adjudication in bankruptcy had been filed * * *". It seems clear therefore that the Congress in enacting the Chandler Act expressly intended the six months' bar to cover claims of the United States, a state, or a municipality, for if the Congress had desired to make the three months' bar apply to such claims, it would undoubtedly have included them in § 355.

The claim which the city attempted to file with the referee on May 3, 1939, should have been accepted by the referee, for that was within the six months' period.