### In re ERVIN SERVICE CORPORATION.
#### No. 28986.

District Court, W. D. New York.
May 22, 1940.

654

Robert J. Lansdowne, of Buffalo, N. Y., (Howard J. Van Nortwick, of Buffalo, N. Y., of counsel), for trustee.

George L. Grobe, U. S. Atty., by Joseph J. Doran, Asst. U. S. Atty., both of Buffalo, N. Y., for U. S.

KNIGHT, District Judge.

On February 1, 1939, the Ervin Service Corporation filed a petition for corporation reorganization, under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq. On March 27, 1939, the corporation was adjudicated a bankrupt. The order of adjudication directed that proceedings thereafter be taken pursuant to the Bankruptcy Act. The first meeting of creditors was held on March 27, 1939. On June 30, 1939, the Collector of Internal Revenue filed a claim on account of Social Security Taxes in the amount of $911.20, plus interest. The Trustee objected to the allowance of the claim on the ground that it was filed after the expiration of the time within which claims were required to be filed. The Referee disallowed the claim, and the Collector has petitioned this court for review.

Section 238 of the Bankruptcy Act, as amended in 1938, Section 638, Title 11, U.S.C., 11 U.S.C.A. § 638 (part of Chapter X), provides that claims not theretofore filed in the corporation reorganization proceedings "may be filed prior to the expiration of three months after the first date set for the first meeting of creditors * * *." Section 57, sub. n, Section 93, sub. n, Title 11, U.S.C., 11 U.S.C.A. § 93, sub. n, reads, in part: "all claims * * * including all claims of the United States * * *, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *." Section 238 does not specifically include claims of the United States as coming within the limitation period of three months. Prior to the amendment of 1938, Section 57, sub. n (Act of 1898), contained no provision specifically including claims of the United States. The courts definitely held that such claims did not come under the requirement of old Section 57, sub. n.

In re Stavin, D.C., 12 F.2d 471; In re Morgenstern & Co., 2 Cir., 57 F.2d 163; In re Swan, 2 Cir., 82 F.2d 160; In re Banner Brewing Co., D.C., 24 F.Supp. 657; In re Stoever, D.C., 127 F. 394; In re J. Menist Co., Inc., 2 Cir., 294 F. 532, 533.

In the last-mentioned case, this Circuit Court of Appeals stated and followed the rule of law laid down in Gibson v. Chouteau, 13 Wall. 92, 80 U.S. 92, 99, 20 L.Ed. 534, that: "It is matter of common knowledge that statutes of limitations do not run against the state. That no laches can be imputed to the king, and that no time can bar his rights, was the maxim of common law, and was founded on the principle of public policy. * * * The principle is applicable to all governments, which must necessarily act through numerous agents, and is essential to a preservation of the interests and property of the public. It is upon this principle that in this country the statutes of a state prescribing periods within which rights must be prosecuted are not held to embrace the state itself, unless it is expressly designated * * * that it must necessarily be included."

Vide also Guarantee Title & Trust Co. v. Title Guaranty Co., 224 U.S. 152, 155, 32 S.Ct. 457, 56 L.Ed. 706; and Lewis, Trustee v. United States, 92 U.S. 618, 23 L.Ed. 513.

In the light of these decisions it seems to me that Section 238, supra, is insufficient to include the claim herein. It should be noted that Section 106, 11 U.S.C.A. § 506, which, so far as material, was included in old section 77, sub. b, 11 U.S.C.A. § 205, sub. b, defines "claims" as including "all claims of whatever character." Under the holding in Gibson v. Chouteau, supra, this was insufficient to include claims of the United States for taxes. It does not specifically designate this type of claim.

Section 355 (part of Chapter XI) of the Bankruptcy Act, 11 U.S.C.A. § 755, was considered by District Judge Goddard in the case of In re Dorb The Chemist Pharmacies, D.C., 29 F.Supp. 832. It was there held that the three months' limitation period provision did not apply to claims filed by a municipality and that the limitation period was fixed by provision of section 57, sub. n. The case is parallel in all respects to the one at bar, since the material provisions of Section 355 are the same as Section 238. The decision therein is based upon the position that Section

378, subd. 2, 11 U.S.C.A. § 778, subd. 2, provides that where proceedings in bankruptcy are directed to be proceeded with, they should be continued so far as possible "in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed * * *." It was there said that the intent of Congress was that the six months' bar should apply to claims of a municipality presented after adjudication and that such intention was disclosed by the fact that Congress did not include them in Section 355.

It is not necessary to disagree with the decision in the Dorb case. It has been urged by counsel that such a decision leads to the logical conclusion that all claims in bankruptcy could be filed within six months. It is preferred to base the decision herein on the ground that it was an absolute essential that claims of the United States be specifically included in order to bring these claims within the three months' limitation provision. In this view whether that was the intention of Congress is immaterial. As to the United States there was no limitation period for filing of claims in reorganization. Reorganization proceedings having been followed by bankruptcy, Section 57, sub. n, applies. The claim of the United States was filed within the period there fixed.

The order of the Referee disallowing the claim is directed to be vacated and set aside and the claim is allowed.