## In re MATISOFF.

### No. 25969.

District Court, N. D. Georgia, Atlanta Division.

Feb. 8, 1941.

Dillon & Rose, of Atlanta, Ga., for bankrupt.

Harold Sheats, Asst. Co. Atty., and Edwin L. Sterne, Asst. City Atty., both of Atlanta, Ga., for Tax Collector.

## UNDERWOOD, District Judge.

In the above case, upon the petition of T. E. Suttles, Tax Collector of Fulton County and ex-officio Tax Collector of the State of Georgia, to be allowed to file claim for taxes on behalf of said County and State, R. Emerson Gardner, Esq., Referee in Bankruptcy, passed the following order:

"The above named bankrupt having filed a petition for an arrangement under Section 322 of Chapter XI of the Bankruptcy Act [11 U.S.C.A. § 722] and an order of adjudication having been entered in the proceeding on the 2nd day of July, 1940, and the first meeting of the creditors of the bankrupt having been set for July 17, 1940, notice of which was mailed to creditors on July 6, 1940, and the attached claim of the County of Fulton and State of Georgia having been tendered for filing on the 18th day of October, 1940, and it appearing that more than three months after the date set for the first meeting of creditors of bankrupt had expired upon re-

ceipt of said claim by said undersigned, and notice having been given to claimant of a hearing for the purpose of determining whether or not said claim should be filed and said hearing having been had at which the Trustee and the claimant were present, upon consideration

"It is ordered that the claimant be and it is hereby denied the right to file said claim.

"This 19th day of November, 1940."

Petitioner filed his petition to review said order and hearing thereon was duly had upon the certificate of the Referee, which hearing was by oral argument and by brief.

The Referee relied on Section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, in support of his finding that the claim was barred because not filed in the manner provided in that Section. It will be observed, however, that this Section does not expressly require claims of a state or political subdivision thereof to be filed within three months, but refers only to claims in general; while Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, expressly mentions, "All claims provable under this Act [title], including all claims of the United States and of any State or subdivision thereof," and provides that they may be filed "within six months from the first date set for the first meeting of creditors."

Since the State and County were not mentioned in the limitation of Section 355, they are not bound thereby. New York v. Irving Trust Co., 288 U.S. 329, 331, 53 S.Ct. 389, 77 L.Ed. 815; In re Riemer, 2 Cir., 82 F.2d 162; In re Dorb The Chemist Pharmacies, Inc., D.C., 29 F.Supp. 832. Since they are not bound by this Section, the only applicable section by which they are bound is Section 57, sub. n, which provides for a limitation of six months instead of three months. This being true, and the claim having been presented for filing within such six months' period, the Referee should have permitted it to be filed.

The order disallowing the filing of the claim is therefore reversed, and it is ordered that same be allowed to be filed as of the date upon which it was presented for filing.

It is further ordered that the record in this proceeding be returned to said Referee who shall proceed to take such further proceedings therein as are required and permitted by the Act of Bankruptcy under the original order of reference in said proceeding, consistent with this order.