## SAMPSELL v. UNITED STATES.

### No. 13077.

United States Court of Appeals
Ninth Circuit.

May 8, 1952.

Craig, Weller & Laugharn, Hubert F. Laugharn, Thomas S. Tobin and A. J. Bumb, Los Angeles, Cal., for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson, S. Dee Hanson, Louise Foster, Sp. Assts. to Atty. Gen., Walter S. Binns, U. S. Atty., E. H. Mitchell, and Edward R. McHale, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and YANKWICH, District Judge.

MATHEWS, Circuit Judge.

On August 5, 1947, Radiaphone Corporation, hereafter called the debtor, commenced a proceeding under Chapter 11, §§ 301–399, of the Bankruptcy Act, 11 U.S. C.A. §§ 701–799, by filing a petition under § 322 of the Act, 11 U.S.C.A. § 722. Thereupon, on August 5, 1947, the proceeding was referred to a referee in bankruptcy pursuant to § 331 of the Act, 11 U.S.C.A. § 731. On August 7, 1947, the referee called the first meeting of creditors held pursuant to §§ 334–338 of the Act, 11 U.S.C.A. §§ 734–738. The first date set for that meeting was September 10, 1947. Thereafter, prior to November 8, 1947, appellant, Paul W. Sampsell, was appointed trustee pursuant to § 338 of the Act, 11 U.S.C.A. § 738. On November 8, 1947, the referee entered an order adjudging the debtor a bankrupt.[1]

---

1. The order of November 8, 1947, was as follows: "The said Radiaphone Corporation, debtor, having filed a petition herein under Chapter 11 of the Bankruptcy Act, and said debtor corporation having failed to present a plan of arrangement that was fair or feasible, and the unsecured

On November 10, 1947, the referee called the first meeting of creditors held pursuant to § 55 of the Act, 11 U.S.C.A. § 91. The first date set for that meeting was November 26, 1947. On March 1, 1948, appellee, the United States, filed with the referee a claim for taxes owing by the debtor to appellee in the sum of $13,575.18, with interest. On March 10, 1950, the referee entered an order disallowing appellee's claim on the ground that it was not timely filed. On May 15, 1950, the referee entered an order setting aside the order of March 10, 1950. On June 19, 1951, the District Court (Judge William C. Mathes presiding) entered an order affirming the order of May 15, 1950. This appeal is from the order of June 19, 1951.

The question is whether appellee's claim was timely filed.

Section 57n of the Act, 11 U.S.C.A. § 93 (n), provides: "Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: *Provided, however,* That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof: * * *." Appellee's claim was filed within the six-month period prescribed in § 57n.

Appellant, however, cites § 355 of the Act, 11 U.S.C.A. § 755, which provides: "Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with,[2] only such claims as are provable under section 63 of this Act [11 U.S.C.A. § 103] shall be allowed and, except as provided in section 354 of this Act [11 U.S.C.A. § 754], claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 55 of this Act [11 U.S.C.A. § 91], or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with." Appellant points out that, although filed within the six-month period prescribed in § 57n, appellee's claim was not filed within the three-month period prescribed in § 355. He therefore contends that it was not timely filed. We reject this contention and hold that § 355 was inapplicable to appellee's claim for the following reasons:

First. As indicated above, appellee is the United States. Section 355 does not mention the United States or any State or subdivision thereof and hence is inapplicable to claims of the United States or of any State or subdivision thereof. In re Marine Stevedoring Corp., 3 Cir., 169 F.2d 554; In re Dorb The Chemist Pharmacies, D.C.S.D. N.Y., 29 F.Supp. 832; In re Matisoff, D.C. N.D.Ga., 36 F.Supp. 896. See, also, In re Ervin Service Corp., D.C.W.D.N.Y., 33 F. Supp. 653.

Second. Section 355 relates to the filing and allowance of claims after the entry of an order directing that bankruptcy be proceeded with. No such order was entered in this case.[3]

We conclude, as did the court below, that appellee's claim was timely filed. Accordingly, the order appealed from is affirmed.

creditors having requested that an order of adjudication be entered herein, and no one objecting thereto, it is adjudged that the Radiaphone Corporation is a bankrupt under the Act of Congress relating to bankruptcy." This order did not, nor did any other order, direct that bankrupt-cy be proceeded with. See §§ 376–378 of the Act, 11 U.S.C.A. §§ 776–778.

2. See §§ 376–378 of the Act, 11 U.S.C.A. §§ 776–778.

3. See footnote 1.